1  Dennis D. Strazulo, Esq. (SBN 124695)
   Lisa R. Gorman, Esq. (SBN 222988)
2  Bruce Weisenberg, Esq. (SBN 260521)
   FREEMAN, MATHIS & GARY LLP
3  Three Embarcadero Center, 8th Floor
   San Francisco, CA  94111
4  Telephone: (415) 394-9500
   Facsimile: (415) 394-9501
5  *dstrazulo@fmglaw.com*
   *lgorman@fmglaw.com*
6  *bweisenberg@fmglaw.com*

7  Attorneys for Defendant
   THE EDWARD J. SMITH AND
8  VALERIE S. SMITH FAMILY LIMITED
   PARTNERSHIP d/b/a MCDONALD'S
9

10                    IN THE UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13

14 | STEPHANIE OCHOA, ERNESTINA | CASE NO.: |
   | SANDOVAL, YADIRA RODRIGUEZ, and | |

15 JASMINE HEDGEPETH, on behalf of         NOTICE OF REMOVAL OF ACTION TO
   themselves and all others similarly situated,   FEDERAL COURT UNDER 28 U.S.C. §§
                                                     1332 (as amended by the Class Action
16                    Plaintiffs,               Fairness Act of 2005 Pub. L. 109-2, section
                                                4(a)("CAFA")), 1441a) and (b) and 1446
17            v.

18                                              State Complaint   Filed: March 12, 2014
   MCDONALD'S CORP., a corporation             Removal Filed:    Filed: May 7, 2014
19 MCDONALD'S U.S.A. LLC, a limited            Trial Date:       None Set
   liability company, MCDONALD'S
20 RESTAURANTS OF CALIFORNIA, INC., a
   corporation, THE EDWARD J. SMITH AND
21 VALERIE S. SMITH FAMILY LIMITED
   PARTNERSHIP d/b/a MCDONALD'S, a
22 limited partnership, and DOES 1 through 100,
   inclusive,
23
                      Defendants.
24

25      TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR

26 THE NORTHERN DISTRICT OF CALIFORNIA:

27
                                      -1-
28 ─────────────────────────────────────────────────
                           **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant THE EDWARD J. SMITH AND

VALERIE S. SMITH FAMILY LIMITED PARTNERSHIP d/b/a MCDONALD'S ("Smith") or

"Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 (as

amended by the Class Action Fairness Act of 2005 Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a)

and (b) and 1446, and removes the above-entitled action to this Court from the Superior Court of

the State of California in and for the County of Alameda ("State Superior Court").

    1.    On March 12, 2014 Plaintiffs STEPHANIE OCHOA, ERNESTINA SANDOVAL,

YADIRA RODRIGUEZ, and JASMINE HEDGEPETH ("Plaintiffs") filed a civil complaint against

THE EDWARD J. SMITH AND VALERIE S. SMITH FAMILY LIMITED PARTNERSHIP d/b/a

MCDONALD'S (collectively, "Defendant") in the Superior Court of the State of California in and

for the County of Alameda captioned STEPHANIE OCHOA, ERNESTINA SANDOVAL,

YADIRA RODRIGUEZ, and JASMINE HEDGEPETH, Plaintiffs, vs. MCDONALD'S CORP., a

corporation, MCDONALD'S U.S.A., LLC, a limited liability company, MCDONALD'S

RESTAURANTS OF CALIFORNIA, INC., a corporation, THE EDWARD J. SMITH AND

VALERIE S. SMITH FAMILY LIMITED PARTNERSHIP d/b/a MCDONALD's a limited

partnership, and DOES 1 through 100, inclusive, Defendants. The Alameda Superior Clerk

assigned Case Number RG14717102.

    2.    The complaint sets forth the following eleven (11) causes of action: (1) Failure to

Pay All Wages When Due in violation of California Labor Code ("CLC") §§ 204, 206, 223, 225.5,

1194.5 and 1195.5; (2) Failure to Pay Overtime Wages in violation of CLC §§ 510, 1194, 1194.5,

1198 and IWC Wage Order No. 5- 2001, §3; (3) Failure to Pay Minimum Wages in Violation of

CLC §§ 1182.12, 1194, 1194.2, 1194.5, 1197, 1198 and IWC Wage Order No. 5-2001, § 4; (4)

Failure to Provide Required Meal Periods or Pay Missed Meal Period Wages in violation of CLC

§§ 226.7, 512, 1194.5, 1198 and IWC Wage Order No. 5-2001 § 11; (5) Failure to Provide

Required Rest Breaks or Pay Missed Rest Break Wages in violation of CLC §§ 226.7, 1194.5, 1198

and IWC Wage Order No. 5-2001§ 12; (6) Failure to Pay All Wages Due to Discharged and

1 Quitting Employees in violation of CLC §§ 201, 202, 203, and 1194.5; (7) Failure to Maintain

2 Required Records in violation of CLC §§ 226, 1174, 1194.5, 1198, and IWC Wage Order No. 5-

3 2001, § 7; (8) Failure to Furnish Accurate Itemized Wage Statements in violation of CLC §§ 204,

4 226, and IWC Wage Order No. 5-2001, § 7; (9) Negligence; (10) Civil Penalties pursuant to CLC §

5 2698, et seq. (the Private Attorneys General Act, or "PAGA") for violations of CLC §§ 201 – 204,

6 206, 223, 226, 226.7, 510, 512, 1174, 1182.12, 1194, 1195.5 and 1197 – 1199 and IWC Wage

7 Order 5-2001 §§ 3, 4, 5, 11, and 12; (11) Unfair and Unlawful Business Practices in violation of

8 California Business & Professions Code § 17200 et seq.; and for (12) Declaratory Judgment

9 pursuant to California Code of Civil Procedure § 1060 et seq.

10     3.     Plaintiffs assert these claims on behalf of themselves and similarly situated current

11 and former employees. A copy of the Complaint filed in this action is attached to the Declaration of

12 Edward J. Smith ("Smith Decl.") as Exhibit A.

13     4.     On May 2, 2014, Defendant filed and served its Answer to the Complaint in the

14 State Superior Court.  Smith Decl. ¶ 4, Exhibit B.

15

16                          **TIMELINESS OF REMOVAL**

17     5.     This Notice of Removal has been filed within thirty (30) days from when Defendant

18 was served a copy of Plaintiffs' Summons and Complaint.  This Notice of Removal is therefore

19 filed within the time period provided by 28 U.S.C. § 1446(b)

20     6.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies

21 that a copy of this Notice of Removal and all supporting papers will be served promptly on

22 Plaintiffs' counsel and filed with the Clerk of the State Superior Court.  Therefore, all procedural

23 requirements under 28 U.S.C. § 1446 have been satisfied.

24 ///
   ///
25 ///
   ///
26 ///
   ///
27

28

-3-

**NOTICE OF REMOVAL**

1

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

2

7.    Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2) has been amended to read,

3

in relevant part:

4

> The district courts shall have original jurisdiction of any civil action
> in which the matter in controversy exceeds the sum or value of

5

> $5,000,000, exclusive of interest and costs, and is a class action in
> which – (A) any member of a class of plaintiffs is a citizen of a

6

> State different from any defendant.

7

8.    In addition, CAFA provides for jurisdiction in the district courts only where the

8

9

proposed class involves 100 or more members, or where the primary defendants are not States,

10

State officials, or other governmental entities.  28 U.S.C. § 1332(d)(5).

11

9.    As set forth below, this is a civil action over which this Court has original

12

jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving

13

14

more than 100 members, and based on the allegations set forth in the Complaint by Plaintiffs, the

15

matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiffs

16

are citizens of a state different from at least one of the Defendants, namely McDonald's Corp. and

17

McDonald's U.S.A., LLC.  Further Defendants are not a State, State official, or other governmental

18

entity.

19

## DIVERSITY JURISDICTION

20

21

10.    CAFA's diversity requirement is satisfied when (1) any member of a class of

22

plaintiffs is a citizen of a state different from any defendant; (2) when at least one member of a

23

class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) when at

24

25

least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign

26

state. 28 U.S.C. § 1332(d)(2).

27

28

-4-

11.     Citizenship of the parties in this matter is determined by their citizenship status at the time of the lawsuit's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986.)

12.     Plaintiffs allege in the Complaint that they are each a resident of the state of California.  (Smith Declaration, Exhibit A, ¶¶ 7 – 8.)

13.     Plaintiffs allege in the Complaint that Defendant McDonald's Corporation is a "multinational, multi-billion dollar Delaware corporation with its principal place of business in Illinois. . . ." (Smith Declaration, Exhibit A, ¶ 11.)

14.     Plaintiffs allege in the Complaint that Defendant McDonald's U.S.A., LLC is a "multinational, multi-billion dollar Delaware limited liability company with its principal place of business in Illinois . . . ." (Smith Declaration, Exhibit A, ¶ 12.) A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).

15.     The presence of Doe defendants has no bearing on diversity with respect to removal. See 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

16.     Plaintiffs' pleadings admit that at least two Defendants, McDonald's Corporation and McDonald's U.S.A., LLC, are citizens of Delaware or Illinois, not California.  Therefore, the diversity element of CAFA removal is satisfied on the face of the Complaint as Plaintiffs are citizens of California and at least one defendant is a citizen of another state.

**AMOUNT IN CONTROVERSY**

17.     CAFA, 28 U.S.C. § 1332(d), authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000.

**NOTICE OF REMOVAL**

18.     Here Plaintiffs attempt to circumvent removal by refraining from alleging any specific amount of recovery.

19.     When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *5 (N.D. Cal. 2014) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 992, 1001 (C.D. Cal. 2002)). The amount in controversy may also include general and special compensatory damages and attorney's fees which are recoverable by statute. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 –56 (9th Cir. 1998); *see also Goldberg v. CPC Int'l. Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) ("attorney's fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant."). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, (9th Cir. 2002) 281, F.3d 837, 843 *fn.* 1

20.     As explained below, the amount in controversy in this action exceeds $5,000,000, exclusive of attorneys' fees, interest and costs.[1]

21.     The Complaint is pleaded as a putative class action by which Plaintiffs seek to represent a class defined as: "all individuals currently or formerly employed by Defendants as crew members at one or more of Defendant Edward J. Smith's franchised McDonald's restaurants in California ("the Restaurants"), at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action proceeds to final judgment or settles (the "Class Period")."

---

[1] Defendant denies the validity and merit of all of Plaintiffs' claims, including the legal theories upon which their claims are purportedly based, and the claims for monetary and other relief that flow from them, and uses Plaintiffs' alleged theories of recovery of penalties only to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

-6-

**NOTICE OF REMOVAL**

22.    <u>Alleged Meal Period Violations</u> – Plaintiffs seek one additional hour of pay for each Class Member for each workday during the period from four years prior to the filing of the original Complaint until the date of certification ("Class Period") that Defendant allegedly failed to provide them a required meal period under Cal. Labor Code § 226.7.  (Smith Declaration, Exhibit A, ¶¶ 168 – 175.)  There are 619 Class Members from March 12, 2010 to the present. (Smith Decl. ¶ 8.) Defendant's Restaurants are open 7 days a week. Id. ¶ 11. Each day approximately 188 Class Members work at Defendant's Restaurants. *Id.* ¶ 8. There are approximately 325 Class Members currently employed to work at Defendant's Restaurants. *Id.* It is appropriate to calculate the amount in controversy based on the average wage of all putative class members. *Helm v. Alderwoods Group, Inc.*, 2008 U.S. Dist. LEXIS 120110, *14 fn.3 (N.D. Cal. May 7, 2008). The average hourly wage of Class Members is $9.55. (Smith Decl. ¶ 9.) Defendant may assume Plaintiffs allege each Class Member failed to receive a required meal break on each day worked, given Plaintiffs allege all Class Members were injured by Defendant's common course of conduct. Defendant cannot be expected to conduct a fact-specific inquiry to determine a precise number of potential class members whose rights were violated. See *Helm*, 2008 U.S. Dist. LEXIS 120110 at *19 (to determine the amount in controversy defendants are not required to conduct a fact-specific inquiry into whether the rights of every potential class member were violated because this is "the ultimate question the litigation presents, and defendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur.")

23.    Assuming for purposes of this analysis only that each Class Member missed four meal periods each week he or she worked, the amount in controversy for this allegation is approximately $1,493,772.80 ($9.55 x 1 hour x 4 missed meal periods x 52 weeks x 4 years x 188 daily employees).

NOTICE OF REMOVAL

24. <u>Alleged Rest Break Violations</u> – Plaintiffs seek on additional hour of pay for each Class Member for each day of work during the Class Period that Defendant allegedly failed to provide them a required rest period under Cal. Labor Code § 226.7. Exhibit A, ¶¶ 167 – 173.

25. Assuming for purposes of this analysis only that each Class Member missed four rest breaks each week he or she worked, the amount in controversy for this allegation is approximately $1,493,772.80 ($9.55 x 1 hour x 4 missed rest breaks x 52 weeks x 4 years x 188 daily employees).

26. <u>Alleged Overtime Violations</u> – Plaintiffs seek unpaid overtime wages for each member of the Class for each work day and week during the Class Period that Defendant allegedly failed to pay them overtime for off-the-clock work. Exhibit A, ¶¶ 158 – 166. Assuming for purposes of this analysis only that each Class Member worked two hours per week for which he or she did not receive overtime compensation, then the amount in controversy for this allegation is approximately $2,240,659.20 ($9.55 x 1.5 overtime rate x 188 average number of Class Member employees per week x 52 weeks x 4 years x 2 overtime violations).

27. <u>Alleged Unpaid Minimum Wages</u> – Plaintiffs seek unpaid minimum wages for Class Members for each workday during the Class Period that Defendant allegedly failed to pay them minimum wages for off-the-clock work that did not qualify for overtime. Exhibit A, ¶¶ 167 – 172. Assuming for purposes of this analysis only that each Class Member worked one hour per week for which he or she did not receive minimum wages then the amount in controversy for this allegation is approximately $540,800 ($8.00 x 1 hour x 52 weeks x 4 years x 325 weekly employees).

28. <u>Alleged Failure to Provide Accurate, Itemized Wage Statements</u> – Plaintiffs seek damages for Defendants' alleged failure to provide accurate, itemized wage statements to Class Members in violation of California Labor Code § 226. Exhibit A, ¶¶ 196 – 203. Assuming for purposes of this analysis that each Class Member worked an average of 56 weeks, or 28 pay periods

-8-

(see Smith Decl. ¶ 10), then at the amount in controversy for this allegation is at least $1,718,750 [635 Class Members x ((1 pay period x $50) + (27 pay periods x $100))].

29.   <u>Alleged Waiting Time Penalties to Former Employees</u> – Plaintiffs seek waiting time penalties for failure to provide all wages due upon separation stemming from Defendants alleged failure to pay premium pay for missed meal periods and rest breaks, overtime and off-the-clock work. Exhibit A, ¶¶ 190 – 195.   Assuming for purposes of this analysis that each Class Member that resigned or was terminated from Defendants' employ was not paid all wages due and that each Class Member is due the statutory maximum 30 days' pay then the amount in controversy for this allegation is at least $673,848 ($9.55 x 8.0 hours x 30 days x 294 former Class Member employees).

30.   <u>Attorney's' Fees</u> – In addition, Plaintiffs seek an unspecified amount of attorneys' fees in connection with their Complaint. Exhibit A, Prayer for Relief ¶ 15.  In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. 1332(a), a court may consider attorneys' fees which are recoverable by statute.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 – 1156 (9th Cir. 1998).  The Court may examine the nature of the action and the relief sought and takes judicial notice of attorneys' fee awards in similar cases.  See e.g. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

31.   Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035.  For purposes of this analysis only, the amount of attorneys' fees at issue in this matter could amount to up to 25% of the damages awarded to Plaintiffs. *See e.g. In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944 – 945 (9th Cir. 2011); *Villa v. United Site Services of California, Inc.*, Case No. 12-CV-00318-LHK (N.D. Cal. Nov. 27, 2013).  Therefore, the

-9-

aggregated claimed damages by Plaintiffs including attorneys' fees exceed the jurisdictional amount in controversy.

32.     In addition to the damages and fees specified above, Plaintiffs asserts additional causes of action and seeks civil penalties pursuant to the California Private Attorneys General Act, Cal. Labor Code § 2698 et seq., including penalties for violation of IWC Wage Order 5-2001 and Labor Code §§ 201 – 204, 206, 223, 226, 226.7, 510, 512, 1174, 1182.12, 1194, 1195.5 and 1197 – 99.  While Defendants deny Plaintiffs are entitled to any civil penalties, for purposes of this analysis Defendants would suffer additional damages well-beyond the amounts already specified.

33.     Finally, Plaintiffs seek a disgorgement of Defendants profits.  Exhibit A, Prayer for Relief ¶ 13.  Without admitting that Plaintiffs are entitled to a disgorgement of profits and for purposes of this analysis only, if Plaintiffs are successful in seeking disgorgement of profits against any Defendant, Defendants would suffer additional damages beyond the amounts already specified.

34.     The above calculations are limited in time to the four years preceding the filing of the Complaint and do not include the damages potentially available to Plaintiffs from the date of the Complaint through class certification and trial that can be considered for purposes of calculating the amount in controversy.

35.     Based on the foregoing, Defendant establishes by a preponderance of the evidence that the aggregate claimed penalties by Plaintiffs, including attorneys' fees and potential damages from Plaintiffs' additional causes of action, exceed the $5,000,000 amount in controversy threshold for removal under CAFA.

**NOTICE OF REMOVAL**

**NUMEROSITY**

36.     CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

37.     Here, the putative class Plaintiffs seek to represent exceeds 100 members. See Smith Decl. ¶ 8. As such, this Court properly has jurisdiction over this matter, as the class proposed by Plaintiffs contains more than 100 members.

**VENUE IS PROPER**

38.     This action was filed in the Superior Court of the State of California for the County of Alameda. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Alameda to this Court.

Dated: May 7, 2014                          **FREEMAN MATHIS & GARY, LLP**

By: _____
    BRUCE E. WEISENBERG
    Attorney for Defendant
    THE EDWARD J. SMITH AND
    VALERIE S. SMITH FAMILY LIMITED
    PARTNERSHIP d/b/a MCDONALD'S

-11-