UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE OCHOA, et al.,<br>    Plaintiffs,<br>v.<br>MCDONALD'S CORP., et al.,<br>    Defendants. | Case No. 14-cv-02098-JD<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 97, 98 |

The Court has considered the declarations of Michael Smith, *see* Dkt. No. 97, and Savan Vaghani, *see* Dkt. No. 98, filed pursuant to Civil Local Rule 79-5(e)(1), and finds them inadequate under the Civil Local Rules and the relevant precedent. In a number of cases, the declarations simply make conclusory statements that the documents sought to be sealed contain "commercially sensitive information," but "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *4-5 (N.D. Cal. Nov. 18, 2013)). Rather, the party seeking to seal information must make a "particularized showing" with respect to each individual document in order to justify sealing it, even under the "good cause" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). The Smith and Vaghani declarations do not make a particularized showing that each document sought to be sealed is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." *See* Civil L.R. 79-5(b).

In addition, the declarations seek to seal entire documents, without making any effort to limit the proposed redactions to the sealable portions of those documents. This is contrary to Civil

1 Local Rule 79-5(b)'s requirement that requests to seal "must be narrowly tailored to seek sealing
2 only of sealable material."

3 The Court therefore denies the pending administrative motions to seal -- but without
4 prejudice to the Smith Family Partnership's and the McDonald's defendants' ability to file a new
5 administrative motion to seal that meets the standards referenced above. *See* Dkt. Nos. 85-92.
6 Any such administrative motion to seal should comply with the following directions:

1. Defendants should file a single motion that covers all of their requests to seal by April 20, 2015.  If no such motion is filed, plaintiffs should file unredacted copies of each of the documents sought to be sealed in the public docket by April 22, 2015.

2. If a renewed administrative motion to seal is filed, defendants must collect and submit all documents proposed for sealing in a freestanding binder with separate consecutive tab numbers for each document.  Each tab should contain an unredacted version of the document with the proposed redactions highlighted in yellow.  Do not submit separate redacted and unredacted versions of the same document.  Make sure the highlighting allows the Court to easily read the underlying text.  If defendants are proposing to redact an entire document, make a note on the first page of the document or in a footer on each page of the document and do not highlight the whole document.  For long documents, include only the pages with portions that the party wishes to seal.  Do not include any other materials in this binder -- no arguments, declarations, or anything else.  In addition, a full copy of each unredacted document with only defendants' proposed redactions highlighted should be filed under seal on ECF.

3. Any renewed administrative motion to seal must be accompanied by declarations that state with particularity, and in a non-conclusory fashion, the factual bases that support sealing the materials under the relevant legal standard.

4. Defendants must provide a single proposed order in the table format specified in Civil Local Rule 79-5(d)(1)(B) as modified here:  (i) the far left column should list

1. the tab number for each document; (ii) the next column should specify the exact
2. portions to be sealed; (iii) the next column should state succinctly the specific and
3. particularized reason for sealing and give pin cites to the declaration paragraphs
4. (including non-party declarations) supporting the compelling reasons to seal; and
5. (iv) the rightmost column should provide a space for the Court to indicate whether
6. the request is denied or granted.

In addition, any party that wishes to seal material associated with the opposition to or reply in support of the motion for class certification must follow the directions above.

**IT IS SO ORDERED.**

Dated: April 13, 2015

_____
JAMES DONATO
United States District Judge