MICHAEL RUBIN (SBN 80618)
BARBARA J. CHISHOLM (SBN 224656)
P. CASEY PITTS (SBN 262463)
MATTHEW J. MURRAY (SBN 271461)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  mrubin@altber.com
         bchisholm@altber.com
         cpitts@altber.com
         mmurray@altber.com

JOSEPH M. SELLERS (*pro hac vice*)
ABIGAIL E. SHAFROTH (*pro hac vice*)
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail:  jsellers@cohenmilstein.com
         ashafroth@cohenmilstein.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| | |
|---|---|
| STEPHANIE OCHOA, ERNESTINA SANDOVAL, YADIRA RODRIGUEZ, and JASMINE HEDGEPETH, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MCDONALD'S CORP., a corporation, MCDONALD'S U.S.A., LLC, a limited liability company, MCDONALD'S RESTAURANTS OF CALIFORNIA, INC., a corporation, THE EDWARD J. SMITH AND VALERIE S. SMITH FAMILY LTD. PARTNERSHIP d/b/a MCDONALD'S, a limited partnership, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 3:14-cv-02098-JD<br><br>**SECOND DECLARATION OF JASMINE HEDGEPETH** |

**SECOND DECLARATION OF JASMINE HEDGEPETH**

I, Jasmine Hedgepeth, declare as follows:

1. I was employed as a crew member at the McDonald's restaurant at 2301 MacDonald Avenue in Richmond, CA, from about April 2012 to about October 2013. I was also employed as a crew member at the McDonald's restaurant at 4514 Telegraph Avenue in Oakland, CA, from about October 2013 to December 2013. I make the statements in this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the matters below.

2. During the time I worked at McDonald's, I believed McDonald's was my employer and that the Smiths and my managers worked for McDonald's or were acting on McDonald's behalf. Some of the reasons I believed this include the following:

   a. I worked at McDonald's restaurants, I was required to wear a McDonald's uniform, I prepared and served McDonald's food in McDonald's packaging, and I was instructed to say "Welcome to McDonald's" when interacting with customers.

   b. My managers wore McDonald's uniforms.

   c. My managers and co-workers regularly referred to themselves as working for McDonald's.

   d. Throughout the time I worked at the restaurants, no one told me I was not employed by McDonald's.

   e. When I applied for my job, I believed I was applying to work for McDonald's.

   f. I applied for my job using an online application on a McDonald's website.

   g. During my hiring and orientation process, no one told me I was not being hired to work for McDonald's.

   h. I do not remember receiving any orientation materials that had the name of any entity other than McDonald's on them.

   i. The Orientation Receipt I signed (Exhibit 29 at my deposition) had a large McDonald's logo at the top and a McDonald's copyright mark on the bottom. It did not give the name of any other entity besides McDonald's. I did not understand

anything on the Orientation Receipt to be saying that I was not an employee of McDonald's.

j. My paystubs each had a large watermark with the McDonald's logo and the word "McDonald's" in the background. This watermark does not show up on most of the photocopies of most of my paystubs shown to me as Exhibit 35 at my deposition, but it was on the original paystubs. The McDonald's logo and the word "McDonald's" does show up on the color photo of one of my paystubs that was included at the end of the stack of my paystubs shown to me as Exhibit 35 at my deposition.

k. The Time Punch Change Approval reports that were posted in the store so other crew members and I could review changes to our time punch records said the following at the bottom of each page: "© McDonald's Corporation. The material contained herein is the confidential property of McDonald's Corporation." These reports regarding my and other crew members' time punches did not mention or name any other entity besides McDonald's Corporation.

l. I do not recall receiving any documents or materials related to my employment that did not say McDonald's or have a McDonald's logo on them, other than the punch receipts printed by the cash registers when I punched out.

3. One of the reasons I decided to seek work at, and I decided to continue to work at, the restaurant was because I believed I was working for McDonald's.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this  June 16  2015 at  Pinole , California.

Jasmine Hedgepeth

2
SECOND DECLARATION OF JASMINE HEDGEPETH; CASE NO. 3:14-cv-02098-JD