MICHAEL RUBIN (SBN 80618)
BARBARA J. CHISHOLM (SBN 224656)
P. CASEY PITTS (SBN 262463)
MATTHEW J. MURRAY (SBN 271461)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  mrubin@altber.com
         bchisholm@altber.com
         cpitts@altber.com
         mmurray@altber.com

JOSEPH M. SELLERS (*pro hac vice*)
ABIGAIL E. SHAFROTH (*pro hac vice*)
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail:  jsellers@cohenmilstein.com
         ashafroth@cohenmilstein.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| | |
|---|---|
| STEPHANIE OCHOA, ERNESTINA SANDOVAL, YADIRA RODRIGUEZ, and JASMINE HEDGEPETH, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MCDONALD'S CORP., a corporation, MCDONALD'S U.S.A., LLC, a limited liability company, MCDONALD'S RESTAURANTS OF CALIFORNIA, INC., a corporation, THE EDWARD J. SMITH AND VALERIE S. SMITH FAMILY LTD. PARTNERSHIP d/b/a MCDONALD'S, a limited partnership, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 3:14-cv-02098-JD<br><br>**SECOND DECLARATION OF STEPHANIE OCHOA** |

**SECOND DECLARATION OF STEPHANIE OCHOA**

I, Stephanie Ochoa, declare as follows:

1. I was employed as a crew member at the McDonald's restaurant at 6623 San Pablo Avenue in Oakland, CA, from about June 2013 to about February 2014. I make the statements in this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the matters below.

2. During the time I worked at McDonald's, I believed McDonald's was my employer and that the Smiths and my managers worked for McDonald's or were acting on McDonald's behalf. Some of the reasons I believed this include the following:

   a. I worked at a McDonald's restaurant, I was required to wear a McDonald's uniform, I prepared and served McDonald's food in McDonald's packaging, and I was instructed to say "Welcome to McDonald's" when interacting with customers.

   b. My managers wore McDonald's uniforms.

   c. My managers and co-workers regularly referred to our work as working for McDonald's.

   d. Throughout the time I worked at the restaurants, no one told me I was not employed by McDonald's.

   e. When I applied for my job, I believed I was applying to work for McDonald's.

   f. I applied for my job using an online application on a McDonald's website.

   g. During my hiring and orientation process, no one told me I was not being hired to work for McDonald's.

   h. The orientation materials I was provided (Exhibit 6 at my deposition) said "Welcome to McDonald's" on them. They included information about the history of McDonald's and they appeared to be standard materials for all McDonald's crew members. They did not provide the name of any entity other than McDonald's.

   i. The orientation materials included a document called "Our Policies. A guide to actions and behaviors at McDonald's." That document had a McDonald's copyright mark and many McDonald's logos on it. It said my employer was "an independent

McDonald's Franchisee," but it did not explain what that meant or give the name of any entity other than McDonald's. I did not understand that a "McDonald's Franchisee" was not part of McDonald's. No one explained to me the difference, if any, between a "McDonald's Franchisee" and McDonald's.

j. The Orientation Receipt I signed (Exhibit 38 at my deposition) had a large McDonald's logo at the top and a McDonald's copyright mark on the bottom. It did not give the name of any other entity besides McDonald's. I did not understand anything on the Orientation Receipt to be saying that I was not an employee of McDonald's.

k. The "VES McDonald's Crew Rules & Regulations" I received during my employment (Exhibit 5 at my deposition) said at the beginning: "WELCOME! . . . TODAY . . . YOU WILL BE JOINING OUR MCDONALD'S TEAM." At the end, it said "IT IS VERY IMPORTANT THAT YOU COMPLY WITH THESE AND ALL OF MCDONALD'S POLICIES AS VIOLATIONS MAY AFFECT YOUR EMPLOYMENT." It referred to "MCDONALD'S MANAGEMENT," and it did not say I was not a McDonald's employee.

l. My paystubs each had a large watermark with the McDonald's logo and the word "McDonald's" in the background. This watermark does not show up on the photocopies of my paystubs shown to me as Exhibit 42 at my deposition, but it was on the original paystubs. Some of the paystubs that were part of Exhibit 42 included only a piece of the paystub, and not the check itself. I cashed the checks and I do not have copies of them.

m. The Time Punch Change Approval reports that were posted in the store so other crew members and I could review changes to our time punch records said the following at the bottom of each page: "© McDonald's Corporation. The material contained herein is the confidential property of McDonald's Corporation." These reports regarding my and other crew members' time punches did not mention or name any other entity besides McDonald's Corporation.

      n. I do not recall receiving any documents or materials related to my employment that did not say McDonald's or have a McDonald's logo on them, other than the punch receipts printed by the cash registers when punched out.

3. One of the reasons I decided to seek work at, and I decided to continue to work at, the restaurant was because I believed I was working for McDonald's.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this __June 16__ 2015 at __Berkeley__, California.

_____
Stephanie Ochoa

---

3
SECOND DECLARATION OF STEPHANIE OCHOA; CASE NO. 3:14-cv-02098-JD