1   MICHAEL RUBIN (SBN 80618)
    BARBARA J. CHISHOLM (SBN 224656)
2   P. CASEY PITTS (SBN 262463)
    MATTHEW J. MURRAY (SBN 271461)
3   Altshuler Berzon LLP
    177 Post Street, Suite 300
4   San Francisco, California 94108
    Telephone: (415) 421-7151
5   Facsimile: (415) 362-8064
    E-mail:  mrubin@altber.com
6           bchisholm@altber.com
            cpitts@altber.com
7           mmurray@altber.com

8   JOSEPH M. SELLERS (*pro hac vice*)
    ABIGAIL E. SHAFROTH (*pro hac vice*)
9   Cohen Milstein Sellers & Toll, PLLC
    1100 New York Ave NW, Suite 500
10  Washington, DC 20005
    Telephone: (202) 408-4600
11  Facsimile: (202) 408-4699
    E-mail: jsellers@cohenmilstein.com
12          ashafroth@cohenmilstein.com

13  Attorneys for Plaintiffs

14              IN THE UNITED STATES DISTRICT COURT

15        NORTHERN DISTRICT OF CALIFORNIA – San Francisco

16  STEPHANIE OCHOA, ERNESTINA
    SANDOVAL, YADIRA RODRIGUEZ, and
17  JASMINE HEDGEPETH, on behalf of themselves
    and others similarly situated,
18                                                  CASE NO. 3:14-cv-02098-JD
                        Plaintiffs,
19
    vs.                                             **SECOND DECLARATION OF YADIRA**
20                                                  **RODRIGUEZ**
    MCDONALD'S CORP., a corporation,
21  MCDONALD'S U.S.A., LLC, a limited liability
    company, MCDONALD'S RESTAURANTS OF
22  CALIFORNIA, INC., a corporation, THE
    EDWARD J. SMITH AND VALERIE S. SMITH
23  FAMILY LTD. PARTNERSHIP d/b/a
    MCDONALD'S, a limited partnership, and DOES
24  1 through 100, inclusive,

25                      Defendants.

26

27

28

## SECOND DECLARATION OF YADIRA RODRIGUEZ

I, Yadira Rodriguez, declare as follows:

    1.    I was employed as a crew member at the McDonald's restaurant at 2301 MacDonald Avenue in Richmond, CA, from about June 2013 to about August 2014. I make the statements in this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the matters below.

    2.    During the time I worked at McDonald's, I believed McDonald's was my employer and that the Smiths and my managers worked for McDonald's or were acting on McDonald's behalf. Some of the reasons I believed this include the following:

        a.    I worked at a McDonald's restaurant, I was required to wear a McDonald's uniform, I prepared and served McDonald's food in McDonald's packaging, and I was instructed to say "Welcome to McDonald's" when interacting with customers.

        b.    My managers wore McDonald's uniforms.

        c.    My managers and co-workers regularly referred to themselves as working for McDonald's.

        d.    I heard from my managers and coworkers that my managers were trained by McDonald's.

        e.    Throughout the time I worked at the restaurant, no one told me I was not employed by McDonald's.

        f.    During my hiring and orientation process, no one told me I was not being hired to work for McDonald's.

        g.    The orientation materials I was provided (Exhibit 6 at my deposition) said "Welcome to McDonald's" on them. They included information about the history of McDonald's and they appeared to be standard materials for all McDonald's crew members. They did not provide the name of any entity other than McDonald's.

        h.    The orientation materials included a document called "Our Policies. A guide to actions and behaviors at McDonald's." That document had a McDonald's copyright mark and many McDonald's logos on it. It said my employer was "an independent McDonald's Franchisee," but it did not explain what that meant or give the name of any entity other than McDonald's. I did not understand that a "McDonald's Franchisee" was not part of McDonald's. No one explained to me the difference, if any, between a "McDonald's Franchisee" and McDonald's.

i.  The Orientation Receipt I signed a few months after I was hired (Exhibit 17 at my deposition) had a large McDonald's logo at the top and a McDonald's copyright mark on the bottom. It did not give the name of any other entity besides McDonald's. I did not understand anything on the Orientation Receipt to be saying that I was not an employee of McDonald's.

j.  My paystubs each had a large watermark with the McDonald's logo and the word "McDonald's" in the background. This watermark does not show up on the photocopies of my paystubs shown to me as Exhibit 27 at my deposition, but it was on the original paystubs.

k.  The Time Punch Change Approval reports that were posted in the store so other crew members and I could review changes to our time punch records said the following at the bottom of each page: "© McDonald's Corporation. The material contained herein is the confidential property of McDonald's Corporation." These reports regarding my and other crew members' time punches did not mention or name any other entity besides McDonald's Corporation.

l.  When crew schedules were posted in the restaurants, the schedules said "McDonald's" on them and did not name any other entity.

m.  I do not recall receiving any documents or materials related to my employment that did not say McDonald's or have a McDonald's logo on them, other than the punch receipts printed by the cash registers when I punched out (Exhibit 25 at my deposition), which just said "Store# 7634" on them, and the final, personal check I received when I left my employment at McDonald's (Exhibit 24 at my deposition).

3.  One of the reasons I decided to seek work at, and I decided to continue to work at, the restaurant was because I believed I was working for McDonald's.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this June 11, 2015 2015 at San Pablo , California.

Yadira Rodriguez