1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    STEPHANIE OCHOA, et al.,                    Case No.  14-cv-02098-JD

              Plaintiffs,
8
                                                 **ORDER RE ADMINISTRATIVE**
9         v.                                     **MOTIONS TO FILE UNDER SEAL**

10   MCDONALD'S CORP., et al.,                   Re: Dkt. Nos. 101, 106, 120, 128, 142, 177,
                                                 196, 227, and 232
              Defendants.
11

12          This order addresses the pending administrative motions to seal in this case.  Of the

13   currently-pending motions, the ones at Dkt. Nos. 101, 106, 120, and 142 are moot in light of the

14   Court's prior order at Dkt. No. 155, after which defendants filed a notice that they were no longer

15   seeking to seal some of the documents that were subjects of the earlier motions, *see* Dkt. No. 165,

16   and filed a new administrative motion to seal at Dkt. No. 177.  In addition, the administrative

17   motion to seal at Dkt. No. 128 is essentially moot, because it seeks to seal a subset of the

18   documents covered by Dkt. No. 142.  Finally, the motion at Dkt. No. 227 is also moot because

19   defendants have filed a statement agreeing to de-designate essentially all the material as

20   confidential, apart from a single exhibit that has been re-redacted consistent with the Court's prior

21   orders.  *See* Dkt. Nos. 238, 238-1.  The Court strikes those motions, and in this order rules on the

22   motions at Dkt. Nos. 177, 196, and 232.

23   **I.      GOVERNING STANDARD**

24          In our circuit, in evaluating a motion to seal, two different standards apply depending on

25   whether the request is being made in connection with a dispositive motion or a non-dispositive

26   motion.

27          For dispositive motions, the historic, "strong presumption of access to judicial records"

28   fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that

United States District Court
Northern District of California

presumption.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).  This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it.  *Id.* at 1180 (citations omitted).  When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal."  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different.  There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Kamakana*, 447 F.3d at 1179-80 (citations omitted).  Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1138).  In either case, however, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient."  *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *4-5 (N.D. Cal. Nov. 18, 2013)).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable."  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

## II.    DISCUSSION

The disputed portions of the motion at Dkt. No. 180, as well as the motions at Dkt. Nos. 196, 227, and 232 involve documents filed in connection with a motion for summary judgment.  Since motions for summary judgment are dispositive, the "compelling reasons" standard applies.

United States District Court
Northern District of California

Applying this standard, the Court rules on the requests to seal as follows.  In each case where a request is denied, personally identifiable information of individuals may be redacted.

### A.    Dkt. No. 177

| Tab | Exact Portions to be Sealed | Defendants' Reason for Sealing | Grant or Denial of Request |
|---|---|---|---|
| 1 | Individual names and phone numbers | **Exhibit G to Smith's Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 106).** Exhibit G is the VES Crew Rules and Regulations and includes the name of a Smith employee.  This individual is not a party to this lawsuit and has not consented to the public disclosure of her employment information.  This document further contains the personal telephone number of Michael Smith, who has not consented to the disclosure of this information. *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | Granted. |
| 2 | Name at 139:18, 23 | **Exhibit A to Plaintiffs' Reply in Support of their Motion for Class Certification (Guadalupe Ortega Deposition Transcript) (Dkt. No. 120).** This portion of the Guadalupe Ortega deposition transcript includes the name of an individual who is not a party to this lawsuit and has not consented to the public disclosure of her employment information. *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | Granted. |
| 6 | Entire Document | **Exhibit P to the McRee Declaration (McDonald's USA's National Franchising Standards) (Dkt. No. 142).** This Exhibit is McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand | Denied. |

United States District Court
Northern District of California

| Tab | Exact Portions to be Sealed | Defendants' Reason for Sealing | Grant or Denial of Request |
|---|---|---|---|
| | | account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | |
| 7 | Entire Document | **Exhibit Q to the McRee Declaration (Full Operations Review) (Dkt. No. 142)**. This Exhibit is the Full Operations Review portion of the QSC Playbook. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process. *See* Vaghani Declaration, ¶ 6. | **Denied.** A prior version of the entire document from which this exhibit is drawn has been filed in the public record in the Eastern District of Michigan, and defendants provide no reason why the disclosure of this version would inflict additional competitive harm. *See Wilson v. McDonald's Corp.*, No. 5:14-cv-11082-JCO-MJH (E.D. Mich. filed Mar. 24, 2014), Dkt. 11-6; *Pullen v. McDonald's Corp.*, No. 5:14-cv-11081-JCO-MJH (E.D. Mich. filed Mar. 24, 2014), Dkt. 12-10. |

**B.     Dkt. No. 196**

| Tab | Exact Portions to be Sealed | Defendants' Reason for Sealing | Grant or Denial of Request |
|---|---|---|---|
| 1 | 3:18-6:7; 13:1-7; 20:13-16; FN34; 21:7-21 | **Plaintiffs' Opposition to the McDonald's Defendants Motion for Summary Judgment (Dkt. No. 183).** This portion of Plaintiffs' Opposition cites to and describes in detail the contents of McDonald's USA's McDonald's USA's National Franchising Standards and internal business review process, disclosure of | **Denied.** The portions the McDonald's defendants seek to file under seal are necessary to understand the |

4

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 8. | resolution of the issues raised in their motion, and they have not shown a concrete likelihood of competitive harm from disclosure of the specific portions that they seek to file under seal. |
| 2 | 3:13-25; 6:17-7:7; 7:14-8:3; FN 16; 13:13-23; FN 26 | **Declaration of John Gordon in Support of Plaintiffs' Opposition to the McDonald's Defendants Motion for Summary Judgment (Dkt. No. 190).**  This portion of the Gordon Declaration cites to and describes in detail the contents of McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 8. | **Denied.** |
| 3 | Portions directly citing to Business Review Reports, Recap Letters and Operations Reviews. | **Chart of Business Review Documents (Exhibit A to the Declaration of Carlina Perna).**  Exhibit A to the Perna Declaration cites directly to Exhibits 49, 50, 51, 52, 53, 143 to the Pitts Declaration and Exhibits 122 and 123 to the Perna Declaration.  This information contains specific on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process *See* Vaghani Declaration ¶ 7. | **Denied.** |
| 4 | Entire Document. | **Full Operations Review Report** | **Denied.** |

| | | | |
|---|---|---|---|
| | | **(Exhibit B to the Declaration of Carlina Perna).** Exhibit B contains specific information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani Declaration ¶ 7. | |
| 5 | Entire Document. | **ROIP Performance Matrix – QSCP List, Full and Short Operations Review Reports (Exhibit 122 to the Declaration of Carlina Perna).** Exhibit 122 contains specific information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies  and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani Declaration ¶ 7. | **Denied.** |
| 6 | Entire Document. | **QSCP Matrix, Full and Short Operations Review Reports (Exhibit 123 to the Declaration of Carlina Perna).**  Exhibit 123 contains specific information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani | **Denied.** |

United States District Court
Northern District of California

| | | Declaration ¶ 7. | |
|---|---|---|---|
| 7 | 139:18; 139:23 | **Portions of Deposition Transcript of Guadalupe Ortega (Exhibit B to the Declaration of Casey Pitts).** This portion of the Guadalupe Ortega deposition transcript includes the name of an individual who is not a party to this lawsuit and has not consented to the public disclosure of her employment information. *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted.** |
| 8 | 161:15-21; 164:7-11; 168:1-25; 170:1-25; 172:17-21 | **Portions of Deposition Transcript of Bruce Steinhilper (Exhibit C to the Declaration of Casey Pitts).** This portion of the Steinhilper transcript cites to and describes in detail the contents of disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 7. | **Denied.** |
| 9 | 103:4-104:22; 115:1-116:22; 124:11-22; 133:3-22 | **Portions of the Deposition Transcript of Daniel Gehret (Exhibit H to the Declaration of Casey Pitts).** This portion of the Gehret transcript cites to and describes in detail the contents of McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 7. | **Denied.** |
| 10 | 90:22-91:6; 99:7-16; 103:2-8; 103:22-24; 132:18-24 | **Portions of the Deposition Transcript of Ed Smith (Exhibit I to the Declaration of Casey Pitts).** This portion of the Smith transcript cites to and describes in detail the contents of McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing | **Denied.** |

| | | competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 7. | |
|---|---|---|---|
| 11 | Response to Special Interrogatory No. 2 (2:19-2:26, 3:4-5:20); Response to Special Interrogatory No. 10 (10:10-18; 10:20-13:7; 13:14-13:17); Exhibit A (only with respect to the names and employee number columns). | **Smith Family Partnership Responses to Plaintiff Ernestina Sandoval's Special Interrogatories, Set One (Exhibit J to the Declaration of Casey Pitts).** These portions of the Smith Interrogatory Responses list the names of Smith and McDonald's employees. These individuals are not parties to this lawsuit and have not consented to the public disclosure of their personal information related to their employment. *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted.** |
| 12 | Employee names and employee ID numbers. | **Time Punch Change Approval Report (Exhibit 22 to the Declaration of Casey Pitts).** Exhibit 22 includes the names and employee ID numbers of Smith employees. These individuals have not consented to the public disclosure of this information**.** *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted.** |
| 13 | Employee names and employee ID numbers. | **Daily Crew Schedule report (Exhibit 47 to the Declaration of Casey Pitts).** Exhibit 47 includes the names and employee ID numbers of Smith employees. These individuals have not consented to the public disclosure of this information**.** *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted.** |
| 14 | Entire Document. | **Business Review Report (Exhibit 49 to the Declaration of Casey Pitts).** Exhibit 49 is a Business Review Report containing specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance | **Denied.** Although the Court previously held that there was good cause to seal similar documents, the Court finds that they are not sealable under the more stringent standard applicable to requests to seal associated with |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | exclusively to franchisees of McDonald's USA during the interactive business review process. *See* Vaghani Declaration, ¶ 6. This Court previously sealed Business Review Reports in its June 5, 2015 Order. (Dkt. No. 155). | dispositive motions. |
| 15 | Contents of letter. | **Business Review Report Recap Letter (Exhibit 50 to the Declaration of Casey Pitts).** Exhibit 50 is a communication between McDonald's USA and Smith contains specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process. *See* Vaghani Declaration ¶ 6. This Court previously sealed Business Review Recap Letters in its June 5, 2015 Order. (Dkt. No. 155). | **Denied.** |
| 16 | Entire Document. | **Business Review Report (Exhibit 51 to the Declaration of Casey Pitts).** Exhibit 51 is a Business Review Report containing specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process. *See* Vaghani Declaration, ¶ 6. This Court previously sealed Business Review Reports in its June 5, 2015 Order. (Dkt. No. 155). | **Denied.** |
| 17 | Entire Document. | **Business Review Report (Exhibit 52 to the Declaration of Casey Pitts).** Exhibit 52 is a Business Review Report | **Denied.** |

United States District Court
Northern District of California

| | | containing specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process.  *See* Vaghani Declaration, ¶ 6. This Court previously sealed Business Review Reports in its June 5, 2015 Order. (Dkt. No. 155). | |
|---|---|---|---|
| 18 | Contents of letter. | **Business Review Report Recap Letter (Exhibit 53 to the Declaration of Casey Pitts).** Exhibit 53 is a communication between McDonald's USA and Smith contains specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits.  Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process. *See* Vaghani Declaration ¶ 6. This Court previously sealed Business Review Recap Letters in its June 5, 2015 Order. (Dkt. No. 155). | **Denied.** |
| 19 | Data in report. | **Labor Analysis Summary Report (Exhibit 69 to the Declaration of Casey Pitts).**  Exhibit 69 includes specific financial data, including sales information. This information is not publicly available and could not be recreated from publicly available sources.  *See* Smith Declaration, ¶ 6. | **Granted** as to the specific numbers, but otherwise **denied.** |
| 20 | Data in report. | **Daily Activity Report (Exhibit 71 to the Declaration of Casey Pitts).** Exhibit 71 includes specific financial data includes sales information. *See* Smith Declaration, ¶ 6.  This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted**, except as to the first bullet point. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| 21 | Entire Document | **QSC PlayBook (Exhibit 106 to the Declaration of Casey Pitts).** This Exhibit is Version 7.0 of the QSC Playbook. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process. *See* Vaghani Declaration, ¶ 6. | **Denied.** |
| 22 | Entire Document | **National Franchising Standards (Exhibit 107 to the Declaration of Casey Pitts).** This Exhibit is McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | **Denied.** |
| 23 | Entire Document. | **National Franchising Standards (Exhibit 109 to the Declaration of Casey Pitts; Exhibit 3 to the Declaration of John Gordon).** This Exhibit is McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | **Denied.** |
| 24 | Entire Document. | **Improvement Process for Underperforming Restaurants & Related Documents (Exhibit 112 to the Declaration of Casey Pitts).** This Exhibit includes specific details regarding McDonald's USA's Improvement Process for | **Denied.** |

11

| | | Underperforming Restaurants, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | |
|---|---|---|---|
| 25 | Employee names and employee ID numbers. | **Time Punch Change Approval Report (Exhibit 129 to the Declaration of Casey Pitts).** Exhibit 129 includes the names and employee ID numbers of Smith employees. These individuals have not consented to the public disclosure of this information**.** *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted.** |
| 26 | Employee names and employee ID numbers. | **Time Punch Change Approval Report (Exhibit 130 to the Declaration of Casey Pitts).** Exhibit 130 includes the names and employee ID numbers of Smith employees. These individuals have not consented to the public disclosure of this information**.** *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted.** |
| 27 | Sales data and employee names. | **Focus on Service Daily Report (Exhibit 131 to the Declaration of Casey Pitts).** Exhibit 131 describes in detail confidential Smith business records and data related to the daily operations of the restaurant as well as employee names. These individuals are not parties to this action and have not consented to the public disclosure of this information. The information sought to be sealed is not available to the public and could not be recreated from publicly available sources. This confidential report contains detailed sales data and related information regarding the daily operations of a Smith restaurant. The information in this report (e.g., sales data, order data, transaction time, etc.), has commercial value to competitors and would provide them with an unfair business advantage. *See* Smith Declaration, ¶ 6. | **Granted.** |
| 28 | Entire Document. | **Visit Preparation Report (Exhibit 142 to the Declaration of Casey Pitts).** | **Denied.** |

12

| | | | |
|---|---|---|---|
| | | Exhibit 142 contains specific information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani Declaration ¶ 7. | |
| 29 | Entire Document. | **Full Operations Review Report (Exhibit 143 to the Declaration of Casey Pitts).** Exhibit 143 contains specific information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani Declaration ¶ 7. | **Denied.** |
| 30 | Entire Report. | **Full Operations Review Report (Exhibit 144 to the Declaration of Casey Pitts).**  Exhibit 144 contains specific information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani Declaration ¶ 7. | **Denied.** |
| 31 | Entire Report. | **Action Plan Report (Exhibit 145 to the Declaration of Casey Pitts).** Exhibit 145 contains specific information on Smith business | **Denied.** |

| | | operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process. *See* Vaghani Declaration ¶ 7. | |
| 32 | Sales data. | **Crew Size Planning Matrix (Exhibit 206 to the Declaration of Casey Pitts).** Exhibit 206 describes in detail confidential Smith business records and data related to the daily operations of the restaurant.  The information sought to be sealed is not available to the public and could not be recreated from publicly available sources.   This confidential report contains detailed sales data and related information regarding the daily operations of a Smith restaurant. The information in this report (e.g., sales data, order data, transaction time, etc.), has commercial value to competitors and would provide them with an unfair business advantage.  *See* Smith Declaration, ¶ 6. | **Granted.** |
| 33 | Employee names and employee ID numbers. | **Spreadsheet of LMS Completion Date by Employee (Exhibit 243 to the Declaration of Casey Pitts).**  Exhibit 243 includes the names and employee ID numbers of Smith employees.  These individuals have not consented to the public disclosure of this information**.** *See* Smith Declaration, ¶ 5. This Court previously sealed this material in its June 5, 2015 Order. (Dkt. No. 155). | **Granted.** |
| 34 | Contents of email. | **Email from J. Watt to S. Dubois (Exhibit 265 to the Declaration of Casey Pitts).**  Exhibit 265 is an internal email between McDonald's employees and U.S. owner-operators. The contents of this email contain information related to resources offered to franchisees, such as Smith, in the context of employee engagement, including sensitive information regarding McDonald's strategies in response to employee engagement. *See* Vaghani Declaration, ¶ 6. | **Denied.** |
| 35 | Contents of email and | **Email from E. DeLuna to Owner-** | **Denied.** |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| attachments. | | **Operators (Exhibit 266 to the Declaration of Casey Pitts).** Exhibit 265 is an internal email between a McDonald's employee and U.S. owner-operators. The contents of this email contain information related to resources offered to franchisees, such as Smith, in the context of employee engagement, including sensitive information regarding McDonald's strategies in response to employee engagement. *See* Vaghani Declaration, ¶ 6. | |
| 36 | Consents of letter. | **Business Review Report Recap Letter (Exhibit 296 to the Declaration of Casey Pitts).** Exhibit 296 is a communication between McDonald's USA and Smith contains specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchises of McDonald's USA during the interactive business review process. *See* Vaghani Declaration ¶ 6.  This Court previously sealed Business Review Recap Letters in its June 5, 2015 Order. (Dkt. No. 155). | **Denied.** |
| 37 | Entire Document. | **National Restaurant Building and Equipment Standards for Traditional Restaurants FAQs (Exhibit 324 to the Pitts Declaration).** This Exhibit includes specific details regarding the National Restaurant Building and Equipment Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA.  *See* Vaghani Declaration, ¶ 6. | **Denied.** |
| 38 | Entire Document. | **National Restaurant Building and Equipment Standards for Traditional** | **Denied.** |

| | | | |
|---|---|---|---|
| | | **Restaurants (Exhibit 325 to the Declaration of Casey Pitts).** This Exhibit includes specific details regarding the National Restaurant Building and Equipment Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | |
| 39 | Entire Document. | **National Franchising Standards FAQs (Exhibit 344 to the Declaration of Casey Pitts).** This Exhibit includes specific details regarding McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | **Denied.** |

C.      Dkt. No. 227

Although defendants filed a statement of non-opposition at Dkt. No. 238 agreeing that Plaintiffs' Motion for Partial Summary Judgment on Miscalculated Wages and Daily Overtime Violations and Derivative Claims and Exhibits A, B, D, 310, and 311 to the Declaration of Abigail E. Shafroth in Support of the Motion, can be filed in the public record, it appears that unredacted versions have not been filed in the public record. The parties are directed to file unredacted versions of these documents within 7 days of this order.

D.      Dkt. No. 232

| Tab | Exact Portions to be Sealed | Defendants' Reason for Sealing | Grant or Denial of Request |
|---|---|---|---|
| 1 | 4:11-18 | **McDonald's Defendants Reply Brief in Support of Motion for Summary Judgment.** This portion of the | **Denied.** |

| | | | |
|---|---|---|---|
| | | McDonald's Defendants' Reply cites to and describes in detail the contents of McDonald's USA's National Franchising Standards and internal business review process, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA.  *See* Vaghani Declaration, ¶ 8. | |
| 2 | 216:8-13; 216:23-217:13 | **Portions of Deposition Transcript of Steve Dubois (Exhibit H to the Declaration of Elizabeth B. McRee).** This portion of the Steve Dubois transcript cites to and describes in detail the contents of optional advice offered by McDonald's USA to Smith during the operations review process, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 7. | **Denied.** |
| 3 | Entire Document | **Exhibit 49 to the Declaration of Elizabeth B. McRee (Business Review Report – February 27, 2012).** Exhibit 49 is a Business Review Report containing specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits.  Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies | **Denied.** |

United States District Court
Northern District of California

| | | and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process.  *See* Vaghani Declaration, ¶ 6.  This Court previously sealed Business Review Reports in its June 5, 2015 Order. (Dkt. No. 155). | |
|---|---|---|---|
| 4 | Entire Document | **Exhibit 51 to the Declaration of Elizabeth B. McRee (Business Review Report – April 28, 2010).**  Exhibit 51 is a Business Review Report containing specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits.  Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process.   *See* Vaghani Declaration, ¶ 6.  This Court previously sealed Business Review Reports in its June 5, 2015 Order. (Dkt. No. 155). | **Denied.** |
| 5 | Entire Document | **Exhibit 52 to the Declaration of Elizabeth B. McRee (Business Review Report – January 22, 2014).** Exhibit 52 is a Business Review Report containing specifics on Smith business operations and suggested guidance from McDonald's USA as how to maximize profits.  Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process.   *See* Vaghani Declaration, ¶ 6.  This Court previously sealed Business Review Reports in its June 5, 2015 Order. (Dkt. No. 155). | **Denied.** |
| 6 | McDonald's USA's internal business | **Exhibit 106 to the Declaration of Elizabeth B. McRee (QSC PlayBook).** | **Denied.** |

United States District Court
Northern District of California

| | | strategies | Exhibit 106 is Version 7.0 of the QSC Playbook. Disclosure of the information contained in this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive business review process. *See* Vaghani Declaration, ¶ 6. | |
|---|---|---|---|---|
| 7 | Entire Document | | **Exhibit 107 to the Declaration of Elizabeth B. McRee (National Franchising Standards).** Exhibit 107 is McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | **Denied.** |
| 8 | Entire Document | | **Exhibit 109 to the Declaration of Elizabeth B. McRee (National Franchising Standards).** Exhibit 109 is McDonald's USA's National Franchising Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA. *See* Vaghani Declaration, ¶ 6. | **Denied.** |
| 9 | Entire Document. | | **Exhibit 122 to the Declaration of Elizabeth B. McRee (ROIP Performance Matrix – QSCP List, Full and Short Operations Review Reports).** Exhibit 122 contains specific | **Denied.** |

United States District Court
Northern District of California

19

| | | information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani Declaration ¶ 6. | |
| 10 | Entire Document | **Exhibit 123 to the Declaration of Elizabeth B. McRee (QSCP Matrix, Full and Short Operations Review Reports).**   Exhibit 123 contains specific information on Smith business operations and suggested guidance from McDonald's USA on how to maximize profits. Disclosure of this document would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as optional guidance exclusively to franchisees of McDonald's USA during the interactive operations review process *See* Vaghani Declaration ¶ 6. | **Denied.** |
| 11 | Entire Document | **Exhibit 325 to the Declaration of Elizabeth B. McRee (National Restaurant Building and Equipment Standards for Traditional Restaurants).**  Exhibit 325 includes specific details regarding the National Restaurant Building and Equipment Standards, disclosure of which would provide competitors of the McDonald's Defendants a strategic and unfair business advantage by allowing competitors a detailed and firsthand account of the key business strategies and profit-driving factors considered and offered as guidance exclusively to franchisees of McDonald's USA.  *See* Vaghani Declaration, ¶ 6. | **Denied.** |

United States District Court
Northern District of California

20

United States District Court
Northern District of California

### III.    CONCLUSION

Pursuant to Civil Local Rule 79-5(f), the parties must file revised documents comporting with this order within 7 days if they wish the Court to consider the documents sought to be sealed. In addition, the Court requests that the parties jointly lodge binders of Plaintiffs' Response to the McDonald's Defendants' Motion for Summary Judgment, *see* Dkt. No. 183, and the McDonald's Defendants' Reply, *see* Dkt. No. 229, including unredacted copies of any associated declarations and exhibits.

**IT IS SO ORDERED.**

Dated: August 11, 2015

_____
JAMES DONATO
United States District Judge