IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| | |
|---|---|
| STEPHANIE OCHOA, *et al*.,<br><br>                   Plaintiffs,<br><br>vs.<br><br>MCDONALD'S CORP., *et al*.,<br><br>                   Defendants. | CASE NO. 3:14-cv-02098-JD<br><br>**[PROPOSED] ORDER (1) CERTIFYING SETTLEMENT CLASS, (2) GRANTING PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION PARTIAL SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; AND (4) SETTING DATES FOR FAIRNESS HEARING AND RELATED EVENTS** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiffs Stephanie Ochoa, Ernestina Sandoval, Jasmine Hedgepeth and Yadira Rodriguez,

2  having filed a Motion for Preliminary Approval of Settlement with Smith Defendant and for

3  Preliminary Certification of Settlement Class, and the Court having reviewed that motion, the

4  accompanying memorandum of points and authorities in support of the motion and other

5  supporting documents, the parties' Settlement Agreement and the record in this case, and for good

6  cause shown, the Court hereby GRANTS plaintiffs' motion and ORDERS as follows:

7    **I.    CLASS CERTIFICATION**

8         **a.   Class Certified**

9    For purposes of settlement, the parties have proposed provisional certification of a single

10  settlement class under Federal Rule of Civil Procedure 23 comprising the following members:  All

11  individuals currently or formerly employed as crew members at one or more of the franchised

12  McDonald's restaurants owned or operated by defendant The Edward J. Smith and Valerie S.

13  Smith Family Limited Partnership d/b/a/ McDonald's, a limited partnership ("Smith"), in

14  California, at any time between March 12, 2010 and the present.

15        **b.   Findings Regarding Conditional Certification**

16    The Court hereby finds and concludes that the class satisfies all of the requirements for

17  certification under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

18         i.   The class is sufficiently numerous (more than 700 current and former

19  employees) that joinder is impracticable.

20         ii.   The members of the class share many common issues of fact and law,

21  including: (1) whether Smith's compensation system for crew members' wages and overtime

22  payments was legal and sufficient to timely pay all crew members for time worked; (2) whether

23  Smith had a classwide practice of failing to permit crew members to take all legally mandated meal

24  and rest breaks or to provide premium pay in lieu of a break; (3) whether Smith failed to provide

25  crew members with accurate, itemized wage statements, as required by the California Labor Code;

26  (4) whether Smith failed to maintain classwide records as required by the California Labor Code

27  and the relevant IWC Wage Order; (5) whether Smith willfully failed to timely pay full wages to

28  class members who quit or were discharged, as required by the California Labor Code; and

1 | (6) whether Smith's classwide practice of failing to maintain crew member uniforms or to

2 | reimburse crew members for the necessary expenses of maintaining their own uniforms violated

3 | the California Labor Code and the applicable IWC Wage Order.

4 |      iii.   The named plaintiffs' claims are typical because they arise out of the same

5 | policies, practices, and course of conduct complained of by all class members.

6 |      iv.   The named plaintiffs are adequate representatives of the class, because their

7 | interests are co-extensive with those of the other class members and because they are represented

8 | by skilled and experienced class counsel.

9 |      v.   Questions of law or fact common to the class predominate over

10 | individualized issues, and a class action is superior to other available methods for the fair and

11 | efficient adjudication of this controversy.

12 |    Accordingly, for the purposes of approving this Settlement, the Court certifies the proposed

13 | settlement class described in paragraph I.A above, under Rules 23(a), (b)(2), and (b)(3).

14 | **II.   APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

15 |     **a.  Class Representatives**

16 |    For purposes of settlement, the Court finds and concludes that plaintiffs Stephanie Ochoa,

17 | Ernestina Sandoval, Yadira Rodriguez, and Jasmine Hedgepeth have claims typical of class

18 | members and are adequate representatives of the class.  The Court hereby appoints Ms. Ochoa, Ms.

19 | Sandoval, Ms. Rodriguez, and Ms. Hedgepeth to serve as Class Representatives.

20 |     **b.  Class Counsel**

21 |    The Court finds and concludes that Altshuler Berzon LLP and Cohen Milstein Sellers &

22 | Toll PLLC have extensive experience and expertise in prosecuting wage-and-hour class actions and

23 | other employment law class actions.  The Court appoints these firms as Class Counsel.

24 | **III.   PRELIMINARY APPROVAL OF SETTLEMENT**

25 |    The Settlement with defendant Smith is attached hereto as Exhibit A.  The Settlement has

26 | been revised to address concerns the Court raised regarding the scope of the release at the initial

27 | Preliminary Approval hearing.  The Court has reviewed the terms of the revised Settlement,

28 | including the Plan of Allocation and the releases.  The Court has also considered the declarations

of Michael Rubin and Valerie Smith in support of preliminary approval, and the Notice of

Submission of Revised Partial Settlement Agreement.  Based on the Court's review of these papers

and its familiarity with the case, the Court finds and concludes that the Settlement (as revised) is

the result of arms-length negotiations between the parties conducted after class counsel adequately

investigated plaintiffs' claims and became familiar with the strengths and weaknesses of those

claims.  The Court concludes that the proposed settlement satisfies all of the requirements for

preliminary settlement approval.  The Settlement has no obvious defects and falls within the range

of possible approval as fair, adequate, and reasonable, such that notice to the class is appropriate.

Accordingly, the Settlement is hereby preliminarily approved.

## IV.   APPROVAL OF AGREED-UPON INJUNCTIVE RELIEF

Pursuant to ¶¶25-27 of the Settlement Agreement, Smith has agreed to implement the

following provisions, beginning no later than 10 days of preliminary approval, which this Court

hereby approves and orders:

a. Smith shall pay overtime premiums to any Plaintiff, Class Member, or future hourly employee who works more than eight hours in any designated workday (such designation to be made in advance in writing to the affected employee(s)) or, if no workday is so designated, in any 24-hour period.

b. Smith shall review all time and payroll records at least once at the end of each pay period, either manually or through re-programming of its timekeeping and payroll software, and shall pay an additional one hour's wages to each Plaintiff, Class Member, or future hourly employee for each day during that pay period on which the time records (as may be adjusted in accordance with existing policy, upon approval of the affected employee and a representative of Smith) reflect that such Plaintiff, Class Member, or future hourly employee was not provided all full and timely 30-minute meal periods as required by California law, and for each day during that pay period on which the time records reflect that such Plaintiff, Class Member, or future hourly employee was not provided all full and timely 10-minute paid rest breaks as required by California law.  For purposes of this paragraph, rest breaks are not timely if they begin or end within 15 or fewer minutes of the beginning or end of a shift, work period, meal period, or another rest break.

c. Smith shall provide wage statements to Plaintiffs, Class Members, and future employees that separately record regular hours and overtime hours each pay period, the rate of pay, premium wages for missed, untimely, or short meal periods and rest breaks, and any deductions taken from that pay.

d. Smith shall provide a clean apron to each Plaintiff, Class Member, and future employee at the start of such employee's shift if that employee is assigned to work in the kitchen or other position where the employee's uniform would be exposed to grease or smoke.

## V.   APPROVAL OF THE CLASS NOTICE, CLAIM FORM, AND MANNER OF DISTRIBUTION

The parties have submitted for this Court's approval a proposed Class Notice and a proposed Claim Form (for the class members who are required to submit a Claim Form to share in the settlement).  The proposed Class Notice and proposed Claim Form have been revised following the initial Preliminary Approval hearing to address concerns raised by the Court concerning the scope of the release and to conform to the terms of the revised Settlement.  The parties have also proposed a plan for disseminating these documents by mail to all class members, after the Court grants preliminary approval of the Settlement.  After carefully reviewing these documents and plan of dissemination, the Court finds and concludes as follows:

### a.   Best Notice Practicable

The proposed Class Notice is the best notice practicable under the circumstances and will allow class members a full and fair opportunity to consider the principal settlement terms.

The Class Notice fairly, plainly, accurately, and reasonably provides class members: (1) appropriate information about the nature of this action, the definition of the class, the identity of class counsel, and the essential terms of the Settlement, including the Plan of Allocation and the procedure for obtaining their settlement shares; (2) appropriate information about plaintiffs' and class counsel's forthcoming applications for service payments, attorneys' fees, and expenses; (3) appropriate information about the procedures for final approval of the Settlement and the class members' rights to appear through counsel if they wish; (4) appropriate information about how to object to or elect not to participate in the Settlement, if a class member wishes to do so; and (5) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.  Similarly, the Settlement Agreement and proposed Claim Form (for those class members required to file a claim form) allow class members a full and fair opportunity to submit a claim for proceeds under the Settlement, where necessary.  The Class Notice fairly, accurately, and reasonably informs class members how to submit a Claim Form, if one is required, and that for those class members required to submit a Claim Form, that the failure to complete and submit such

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL; CASE NO. 3:14-cv-02098-JD

1    a Claim Form in the manner and time specified will constitute a waiver of any right to obtain any

2    share of the proceeds under the relevant settlement.

3                    **b.  Approval of Notice, Claim Form, and Plan of Distribution**

4           The proposed plan for disseminating the Class Notice is reasonably calculated to reach all

5    individuals who would be bound by the Settlement.  The Claims Administrator will distribute the

6    Class Notice, to all class members by first-class mail to their last known address (including any

7    updated addresses that may be discovered through reasonable methods).  The Claims Administrator

8    will also track non-delivered notice materials and take reasonable steps to re-send them to the

9    correct, current addresses.  The Settlement Agreement provides that only individuals who receive

10   notice of the Settlement before the deadline for opting out, and who do not opt out, will be bound

11   by the Settlement and its releases.

12          The Court finds and concludes that the proposed plans for disseminating the Class Notice

13   will provide the best notice practicable and satisfies the notice requirements of Rule 23(e) and all

14   other legal and due process requirements.  The Court hereby orders as follows:

15                    i.   The form of the Class Notice and Claim Form is approved.

16                    ii.  The manner of distributing the Class Notice to the class is approved.

17                    iii. Promptly following the entry of this order, the Claims Administrator shall

18   prepare final versions of the Class Notice and Claim Form, incorporating into them the relevant

19   dates and deadlines set forth in this Order.

20                    iv.  Except as otherwise specified herein, the Court for purposes of this Order

21   adopts all defined terms set forth in the Settlement.

22                    v.   No later than ten (10) business days after entry of this Order, Smith shall

23   provide to the Claims Administrator, in electronic form, the Putative Class List described in

24   ¶III.16.b of the Settlement Agreement.

25                    vi.  No later than ten (10) business days after receipt of the Putative Class List

26   from Smith, the Claims Administrator shall mail the Class Notice to all class members and shall

27   email the Class Notice to all class members whose email addresses are known, in accordance with

28   ¶III.16.d of the Settlement Agreement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL; CASE NO. 3:14-cv-02098-JD

1            vii.   The Class Notice shall inform the class members that, as provided in the

2 Settlement Agreement, the deadline for submitting any objection to the Settlement or for opting out

3 of the Settlement shall be sixty (60) calendar days after the postmark date of the mailing of Class

4 Notice and Claim Form, and that the deadline for submitting a Claim Form (where necessary) shall

5 be seventy-five (75) calendar days after such postmark date.

6            viii.   For any notice that is returned by the post office as undeliverable, the Claims

7 Administrator shall use standard procedures to obtain forwarding addresses, including:  (1)

8 processing the class list through the United States Postal Service's National Change of Address

9 database; (2) performing address searches using public and proprietary electronic resources as are

10 available to the Claims Administrator that lawfully collect address data from various sources such

11 as utility records, property tax records, motor vehicle registration records, and credit bureaus; and

12 (3) calling last-known telephone numbers (and telephone numbers updated through public and

13 proprietary databases).  The Claims Administrator will forward the notice to the new address

14 within ten (10) calendar days of receipt of the undeliverable notice, restarting the time period for

15 the recipient to submit a claim, object, or opt out of the Settlement from the postmark date of the

16 new notice.

17            ix.   If a Claim Form, objection, or opt out form is timely submitted but is

18 deficient in one or more aspects, the Claims Administrator shall, within five (5) calendar days of

19 receipt of the deficient form, return the form to the class member with a letter explaining the

20 deficiencies and informing the class member that he or she shall have fourteen (14) calendar days

21 from the date of the deficiency notice to correct the deficiencies and resubmit the Claim Form.

22 This letter shall be translated into and mailed in English and Spanish.

23            x.   Any resubmitted Claim Form must be postmarked within fourteen (14)

24 calendar days of the date of the deficiency letter to be considered timely, unless there is a showing

25 of good cause for additional time.  The Claims Administrator shall notify Class Counsel and

26 Smith's counsel within five (5) calendar days of receipt of each deficient form.  The Claims

27 Administrator has no obligation to provide a class member with a second notice of deficiency,

28 unless a different deficiency is later uncovered.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL; CASE NO. 3:14-cv-02098-JD

1    xi.   The Claims Administrator shall take all other actions in furtherance of

2  claims administration as are specified in the Settlement Agreement.

3  **VI.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

4          **a.   Final Approval Hearing**

5          The Court hereby schedules a hearing to determine whether to grant final approval of the

6  Settlement (the "Final Approval Hearing") for July 20, 2016, at 10 a.m.

7          **b.   Deadline to Elect Not to Participate in the Settlement**

8                 i.   Form of Election

9          Class members may exclude themselves from participating in the Settlement.  Any opt-out

10  statement, to be valid, must state the name, telephone number, and current address of the class

11  member, the years the class member worked at a Smith-franchised restaurant, and the address to

12  which the class member's Class Notice was mailed.  The opt-out statement must include the

13  following language: "I, [NAME], voluntarily choose not to participate in the settlement of my

14  claims against my current or former employer The Edward J. Smith and Valerie S. Smith Family

15  Limited Partnership d/b/a/ McDonald's ("Smith") and hereby waive any rights I may have to

16  participate in the Settlement against Smith in the federal court lawsuit entitled *Ochoa et al. v.*

17  *McDonald's Corp. et al.*, N. D. Cal. No. 3:14-cv-02098-JD."  The opt-out statement must be

18  personally signed by the class member who seeks to opt out.  No opt-out request may be made on

19  behalf of a group of class members.

20                 ii.   Deadline for Submitting Election

21          Absent a showing of good cause and in accordance with the procedures set forth in the

22  Settlement Agreement, no opt-out statement shall be honored if it is postmarked more than sixty

23  (60) calendar days after the postmark date of the initial Class Notice mailed to class members or

24  any follow up notice mailed by the Claims Administrator to the class member who seeks to opt out.

25  Requests to opt out that do not include all required information or that are not submitted on a

26  timely basis, shall be deemed null, void, and ineffective.  If a class member files both an opt-out

27  statement and a Claim Form, the opt-out statement shall be deemed invalid and the class member's

28  Claim Form and release of claims shall be valid and controlling.

1

### c.   Deadline for Filing Objections to Settlement

Any class member who does not timely opt out may object to the Settlement.  The Class Notices shall provide that class members who wish to object to the Settlement must mail a written statement of objection subject to the provisions set forth below:

i.   Any such objection must be filed with the Clerk of the Court and served on all counsel identified in the Class Notice no later than sixty (60) calendar days after the postmark date of the initial Class Notice mailed to class members or any follow up notice mailed by the Claims Administrator to the class member who seeks to object.

ii.   The postmark date of the mailing shall be the exclusive means for determining whether an objection is timely.  The objection must state the basis for the objection.

iii.   Class members who fail to make objections in the manner specified shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, and, if they received notice of the Settlement before the deadline for opting out, the Settlement shall be fully binding upon them.

### d.   Deadline for Submitting Claim Forms

Absent a showing of good cause in accordance with the procedures set forth in the Settlement Agreement, no Claim Form shall be honored if postmarked more than seventy-five (75) calendar days after the date first mailed to the class members.  Any class member who receives notice of the Settlement before the deadline for opting out, and who, without good cause, submits a Claim Form postmarked more than seventy-five (75) calendar days after the date the Claim Forms are mailed to class members shall be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement shall nevertheless be fully binding on such class member subject to the terms set forth herein.  The Claims Administrator shall notify Class Counsel and counsel for Smith within five (5) calendar days of receipt of each untimely Claim Form.  The Claims Administrator shall accept Class Counsel's determination of whether good cause exists for honoring an untimely Claim Form.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL; CASE NO. 3:14-cv-02098-JD

The Claims Administrator shall handle any timely but deficient Claim Forms in the manner specified in the Settlement Agreement.

### e.   Deadline for Submitting Motion Seeking Final Approval

No later than twenty-eight (28) days before the Final Approval Hearing, plaintiffs shall file a motion for final approval of the settlement.  Two weeks or more before the final approval hearing, the parties may file a reply brief responding to any filed objections.

### f.   Deadline for Motion for Class Representative Service Payments

No later than twenty-eight (28) days before the final approval hearing, plaintiffs may file a motion for approval of their Class Representatives' service awards.  Two weeks or more before the final approval hearing, plaintiffs may file a reply brief responding to any filed opposition to the Motion.

### g.   Deadline for Motion for Class Counsel Attorneys' Fees and Costs

No later than twenty-eight (28) days before the close of the 60-day period for submitting requests for exclusion or objections, Class Counsel may file a motion for approval of their Class Counsel attorneys' fees and costs payment.  Such amount of time provides class members with sufficient time to file any objection they might have to the application.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).  Two weeks or more before the final approval hearing, Class Counsel may file a reply brief responding to any filed opposition to the Motion.

### h.   Schedule for Final Approval of Proposed Class Settlement

Consistent with the rulings set forth above, the Court orders the following schedule for providing notice to the members of the provisionally certified class and for the Court's consideration of whether the proposed partial class settlement should be granted final approval:

| Event | Time Limits According to Agreement |
|---|---|
| Defense counsel to provide class database to Claims Administrator | March 21, 2016<br><br>(within 10 calendar days after Preliminary Approval Order) |
| Claims Administrator to Mail Class Notice | March 31, 2016<br><br>(within 10 calendar days after receiving Class List) |

9
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL; CASE NO. 3:14-cv-02098-JD

| | |
|---|---|
| Class Counsel to File Motion for Attorneys' Fees and Costs | May 3, 2016<br><br>(At least 28 days before opt-out deadline) |
| Deadline for submitting requests not to participate and objections | May 31, 2016<br><br>(60 days after the Class Notice is mailed) |
| Deadline for Filing Claim Forms | June 14, 2016<br><br>(75 days after the Class Notice is mailed) |
| Class Counsel to file Motion for Named Plaintiffs' Service Awards and Motion for Final Approval | June 22, 2016<br><br>(28 days prior to Final Approval Hearing) |
| Final Approval Hearing | July 20, 2016, at 10 a.m.<br><br>(No sooner than 120 days after the Preliminary Approval Order) |

## VII.   RELEASE OF CLAIMS

If, at or after the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiffs and every class member who receives notice of the Settlement before the deadline for opting out and who does not file a timely and complete election to opt out of the Settlement shall, pursuant to the Settlement Agreement, be adjudicated to have forever released and discharged all claims as set forth in the Settlement Agreement.  All class members who submit a valid Claim Form shall be deemed to have opted in to the class action and shall thereby release their claims.

## VIII.  APPOINTMENT OF CLAIMS ADMINISTRATOR

CPT Group, Inc. is hereby appointed Claims Administrator to carry out the administrative duties set forth in this Preliminary Approval Order and the Settlement.  All costs and expenses of printing and mailing the Class Notices and other costs of settlement administration shall be paid by Smith, pursuant to the provisions of the Settlement Agreement.

The Court shall retain jurisdiction for the purposes of implementing the provisions of this Order and reserves the right to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement and to resolve any and all disputes that may arise thereunder.

IT IS SO ORDERED.

Date:   March 11, 2016

_____

JAMES DONATO, United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL; CASE NO. 3:14-cv-02098-JD