UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE OCHOA, et al.,<br>   Plaintiffs,<br>v.<br>MCDONALD'S CORP., et al.,<br>   Defendants. | Case No. 3:14-cv-02098-JD<br><br>**ORDER RE MOTIONS FOR FINAL SETTLEMENT APPROVAL, ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS**<br><br>Re: Dkt. Nos. 309, 306 |

This order resolves plaintiffs' unopposed motions for (1) final approval of a class action settlement, and (2) attorneys' fees and costs and named plaintiff service awards. Dkt. Nos. 309, 306. The Court granted preliminary approval of the proposed settlement on March 11, 2016. Dkt. No. 305. The Court now grants the motion for final approval as well as the motion for fees, costs, and service awards.

## BACKGROUND

The key facts are discussed in the Court's summary judgment and class certification orders. Dkt. Nos. 289, 319. In brief, plaintiffs are approximately 850 current and former workers at a group of McDonald's restaurant franchises owned and operated by the Edward J. Smith and Valerie S. Smith Family Limited Partnership ("Smith"). Plaintiffs allege that defendants, including both McDonald's and Smith, committed a variety of labor and employment violations under California state law. Dkt. No. 40.

Plaintiffs filed this case in the Superior Court for the County of Alameda on March 12, 2014. Dkt. No. 2. Smith timely removed on May 7, 2014. *Id.* Litigation and briefing on both summary judgment and class certification followed. The Court entered an order on September 25, 2015, granting in part and denying in part McDonald's motion for summary judgment. Dkt. No.

289. Less than three months later, after several settlement conferences before a magistrate judge, plaintiffs moved for preliminary approval of a class action settlement with Smith (but not McDonald's). Dkt. No. 297. Plaintiffs proposed a revised settlement, addressing concerns expressed by the Court about the proposed notice plan and the scope of the proposed release, on February 4, 2016. Dkt. No. 303. The Court preliminarily approved the revised settlement on March 11, 2016. Dkt. No. 305.

The proposed final settlement is consistent with the preliminary settlement proposal already approved by the Court. *See* Dkt. No. 305; Dkt. No. 297-1. In general, the settlement includes injunctive relief and installment payments into a non-reversionary common fund totaling $700,000, plus the costs of notice and administration, plus a separate payment of $65,267.68 to members of a Miscalculated Wages Subclass. Dkt. No. 197-1 ¶ 3. The settlement distributes the settlement fund on a *pro rata* basis, based principally on the number of weeks worked by each class member. Dkt. No. 297 at 6. The vast majority of plaintiffs -- those who receive notice -- need not fill out any claim form to receive checks under the settlement. *Id.* Funds from uncashed checks will be redistributed among all other class members in proportion to their initial settlement shares. *Id.* If the total amount of remaining funds after redistribution does not exceed $10,000, those funds will be donated *cy pres*, split between the National Employment Law Project and Bay Area Legal Aid. *Id.* The settlement also provides meaningful injunctive relief, including changes to Smith's employment practices. *Id.* at 5.

In exchange for this consideration, class members who received notice release Smith (but not McDonald's) from all claims related to the allegations brought in plaintiffs' first amended complaint. *Id.* at 7-8.

Notice has been provided consistent with the proposed settlement agreement and with the requirements of Rule 23(e)(1). Dkt. No. 350 at 1. Notice was successfully provided to at least 93% of the class list, and no objections or exclusions were filed. *Id.* Proposed class members who did not receive notice will not be bound by the settlement. Dkt. No. 304-1 at 8-9.

//

//

**DISCUSSION**

**I.     Final Approval of Class Action Settlement**

In the order granting preliminary approval, the Court found that the proposed settlement was fair, adequate, and reasonable, and satisfied the requirements of Federal Rules of Civil Procedure 23(b)(2) and (b)(3). Dkt. No. 305. The same conclusions apply here. The settlement payments to be paid to the participating class members, as well as the payments to be paid to the LWDA as civil penalties, are fair and reasonable. The injunctive relief approved by the Court in its preliminary approval order remains in effect and is beneficial to the class. Dkt. 305 at 3. The fact that no class member objected and no class member opted out of the settlement also supports the Court's finding that the settlement is fair, reasonable, and adequate. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

The Court finds that the notice procedure affords adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The notice provided in this case was the best notice practicable, and satisfied the requirements of law and due process.

Consequently, the Court grants final approval of the proposed settlement.

**II.    Award of Attorneys' Fees And Costs**

The Court finds that the requested attorneys' fee award, which is approximately 21.4% of the settlement fund and approximately 6% of class counsel's reported lodestar, is reasonable under both the percentage-of-the-fund method and a lodestar cross-check. Notice of the requested award of attorneys' fees and reimbursement of costs and expenses was directed to class members in a reasonable manner and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure. Class counsel filed their motion for attorneys' fees and costs on May 3, 2016. Dkt. No. 306. Class members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no class member has objected to the requested fees or expenses. Class counsel has engaged in more than two years of intense litigation, involving the production and review of tens of thousands of pages of discovery, more than a dozen depositions, a motion to certify the class, motions for full and partial summary

judgment from the parties, a motion to strike and several motions to seal, and months of settlement negotiations. The settlement with Smith, which takes into account Smith's weakened financial status, secures a $700,000 total payment (in addition to the more than $65,000 that Smith agreed to pay the Miscalculated Wages Subclass) and significant injunctive relief. The settlement consequently affords substantial and immediate relief to the class, while allowing the same class and its counsel to litigate their claims against McDonald's.

Class counsel's fee request is justified by the percentage-of-the-fund method of evaluating attorneys' fee requests. Class counsel's fees should be paid from the common fund because all class members should contribute their fair share of the costs of the litigation from which they benefitted. The requested $150,000 fee award represents 21.4% of the $700,000 gross settlement fund. While that is not an insubstantial cut, it is within acceptable Ninth Circuit parameters for common fund fee awards, and is warranted by the events in this case. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

The fee request is also supported by a lodestar cross-check. Class counsel's reported lodestar exceeds $2.5 million. The Court has reviewed the supporting declarations of class counsel and finds that the hours and rates used to calculate class counsel's lodestar are reasonable. The requested fee award is less than six percent of class counsel's lodestar, a significantly negative multiplier.

The Court finds that class counsel are also entitled to reimbursement from the settlement fund in the amount of $35,000 for litigation costs and expenses reasonably incurred. That is approximately 27% of the costs and expenses class counsel have incurred. Like attorneys' fees, these expenses should be paid from the common fund because all class members should contribute their fair share of the costs of the litigation from which they benefitted. The expenses for which class counsel seek reimbursement are the normal costs of litigation that are traditionally billed to paying clients. *See Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). The Court has reviewed the supporting declarations of class counsel and finds that the costs and expenses for which they seek reimbursement were reasonably necessary to the prosecution of this litigation,

//

were the sort of expenses normally billed to paying clients, and were incurred for the benefit of the class.

### III.  Service Awards

Plaintiffs have requested service awards of $2,000 for each of the four named plaintiffs in the litigation.  The Court has expressed skepticism about settlements in which named plaintiffs do appreciably better than rank-and-file class members; these settlements pose a risk of collusion and conflict within the plaintiffs' side of the case.  *See Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-cv-05761-JD, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014) ("Absent a particularized showing of expenses incurred or injury suffered by [the named plaintiff] (above and beyond those of the other proposed class members), an enhancement award is inappropriate."); *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527-JD, 2014 WL 5826335, at *6 (N.D. Cal. Nov. 10, 2012).  But this is not a hard-and-fast rule, and courts in our Circuit may consider additional factors, including the amount of time and effort that plaintiffs have expended in pursuing the litigation, in determining whether a service award is appropriate.  *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  In light of plaintiffs' sworn representations about their substantial participation in the litigation of this case, Dkt. Nos. 311-314, the Court grants the plaintiffs' request for named plaintiff service awards.

### IV.  Payments Ordered

The Court directs CPT Group, Inc., the appointed claims administrator, to disburse payments as described in plaintiffs' proposed order, Dkt No. 309-1 at 7-8.

### CONCLUSION

The Court grants final approval of the class action settlement, grants the requests for attorneys' fees and costs, and grants the requested service awards to the named plaintiffs.

**IT IS SO ORDERED.**

Dated:  November 14, 2016

JAMES DONATO
United States District Judge

5