MICHAEL RUBIN (SBN 80618)
BARBARA J. CHISHOLM (SBN 224656)
P. CASEY PITTS (SBN 262463)
MATTHEW J. MURRAY (SBN 271461)
KRISTIN M. GARCIA (SBN 302291)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  mrubin@altber.com
        bchisholm@altber.com
        cpitts@altber.com
        mmurray@altber.com
        kgarcia@altber.com

JOSEPH M. SELLERS (*pro hac vice*)
MIRIAM R. NEMETH (*pro hac vice*)
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail:  jsellers@cohenmilstein.com
        mnemeth@cohenmilstein.com

Attorneys for Plaintiffs and the Class

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| STEPHANIE OCHOA, *et al*., | CASE NO. 3:14-cv-02098-JD |
|---|---|
| Plaintiffs, | **[PROPOSED] ORDER (1) GRANTING PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT, (2) DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; AND (3) SETTING DATES FOR FAIRNESS HEARING AND RELATED EVENTS** |
| vs. | |
| MCDONALD'S CORP., *et al*., | |
| Defendants. | |

Plaintiffs Stephanie Ochoa, Ernestina Sandoval, Jasmine Hedgepeth and Yadira Rodriguez, having filed a Motion for Preliminary Approval of Settlement with McDonald's Defendants, and the Court having reviewed that motion, the accompanying memorandum of points and authorities in support of the motion and other supporting documents, the parties' Settlement Agreement and the record in this case, and for good cause shown, the Court hereby GRANTS plaintiffs' motion and ORDERS as follows:

## I.       PRELIMINARY APPROVAL OF SETTLEMENT

The Settlement with defendants McDonald's Corporation, McDonald's U.S.A., LLC, and McDonald's Restaurants of California, Inc. ("McDonald's") is attached as Exhibit A to the Declaration of Barbara J. Chisholm in Support of Preliminary Approval of Class Action Settlement.  The Court has reviewed the terms of the Settlement.  The Court has also considered the declaration of Barbara J. Chisholm in support of preliminary approval.  Based on the Court's review of these papers and its familiarity with the case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after class counsel adequately investigated plaintiffs' claims and became familiar with the strengths and weaknesses of those claims.  The Court concludes that the proposed settlement satisfies all of the requirements for preliminary settlement approval.  The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the class is appropriate.  Accordingly, the Settlement is hereby preliminarily approved.

## II.      APPROVAL OF THE CLASS NOTICE, CLAIM FORM, AND MANNER OF DISTRIBUTION OF NOTICE AND PAYMENTS

The parties have submitted for this Court's approval a proposed Class Notice and a proposed Claim Form (for use only by class members whose mail is undeliverable or who are not on the class list).  The parties have also proposed a plan for disseminating these documents by mail to all class members, after the Court grants preliminary approval of the Settlement, and a plan for distributing payments to class members after the Court grants final approval.  After carefully reviewing these documents and plan of dissemination, the Court finds and concludes as follows:

### a.  Best Notice Practicable

The proposed Class Notice is the best notice practicable under the circumstances and will allow class members a full and fair opportunity to consider the principal settlement terms.

The Class Notice fairly, plainly, accurately, and reasonably provides class members: (1) appropriate information about the nature of this action, the definition of the class, the identity of class counsel, and the essential terms of the Settlement, including the procedure for obtaining their settlement shares and the manner in which each class member's share will be determined; (2) appropriate information about plaintiffs' and class counsel's forthcoming applications for service payments, attorneys' fees, and expenses; (3) appropriate information about the procedures for final approval of the Settlement and the class members' rights to appear through counsel if they wish; (4) appropriate information about how to object to or elect not to participate in the Settlement, if a class member wishes to do so; and (5) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.  Similarly, the Settlement Agreement and proposed Claim Form (for those class members required to file a claim form) allow class members a full and fair opportunity to submit a claim for proceeds under the Settlement, where necessary. The Class Notice fairly, accurately, and reasonably informs class members how to submit a Claim Form, if one is required, and that for those class members required to submit a Claim Form, that the failure to complete and submit such a Claim Form in the manner and time specified will constitute a waiver of any right to obtain any share of the proceeds under the relevant settlement.

### b.  Approval of Notice, Claim Form, and Plan of Distribution

The proposed plan for disseminating the Class Notice is reasonably calculated to reach all individuals who would be bound by the Settlement.  The Claims Administrator will distribute the Class Notice to all class members by first-class mail to their last known address (including any updated addresses that may be discovered through reasonable methods).  The Claims Administrator will also track non-delivered notice materials and take reasonable steps to re-send them to the correct, current addresses.  The Claims Administrator will also email a copy of the Class Notice to all class members whose email addresses are known.

The Court finds and concludes that the proposed plans for disseminating the Class Notice

will provide the best notice practicable and satisfies the notice requirements of Rule 23(e) and all other legal and due process requirements.  The Court hereby orders as follows:

     i.   The form of the Class Notice and Claim Form is approved.

     ii.   The manner of distributing the Class Notice to the class is approved.

     iii.   Promptly following the entry of this order, the Claims Administrator shall prepare final versions of the Class Notice and Claim Form, incorporating into them the relevant dates and deadlines set forth in this Order.

     iv.   Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement.

     v.   No later than ten (10) business days after entry of this Order, the Claims Administrator shall prepare, in electronic form, the Class List described in ¶10.b of the Settlement Agreement.

     vi.   No later than ten (10) business days after preparation of the Class List, the Claims Administrator shall mail the Class Notice to all class members and shall email the Class Notice to all class members whose email addresses are known, in accordance with ¶10.d of the Settlement Agreement.

     vii.   The Class Notice shall inform the class members that, as provided in the Settlement Agreement, the deadline for submitting any objection to the Settlement or for opting out of the Settlement shall be sixty (60) calendar days after the postmark date of the initial mailing of Class Notice, and that the deadline for submitting a Claim Form (where necessary) shall be ninety (90) calendar days after such postmark date.

     viii.   For any notice that is returned by the post office as undeliverable, the Claims Administrator shall perform a skip trace that shall include: (1) processing the class list through the United States Postal Service's National Change of Address database; (2) performing address searches using public and proprietary electronic resources as are available to the Claims Administrator that lawfully collect address data from various sources such as utility records, property tax records, motor vehicle registration records, and credit bureaus; and (3) calling last-known telephone numbers (and telephone numbers updated through public and proprietary

1  databases).  If the Claims Administrator is successful in locating an alternate subsequent address or

2  addresses, the Claims Administrator will forward the notice to the new address within ten (10)

3  calendar days of receipt of the undeliverable notice.

4            ix.  If a Claim Form is timely submitted but is deficient in one or more aspects,

5  the Claims Administrator shall, within five (5) calendar days of receipt of the deficient form, notify

6  the Parties' counsel of receipt of the deficient form and shall return the form to the class member

7  with a letter explaining the deficiencies and informing the class member that he or she shall have

8  fourteen (14) calendar days from the date of the deficiency notice to correct the deficiencies and

9  resubmit the Claim Form.  This letter shall be provided in English and Spanish.

10            x.  In the event of final approval of the settlement, the Claims Administrator

11  shall distribute payments to class members in the manner and at the time provided by ¶¶25-39 of

12  the Settlement Agreement.

13           xi.  The Claims Administrator shall take all other actions in furtherance of

14  claims administration as are specified in the Settlement Agreement.

15  **III.   INJUNCTIVE RELIEF**

16       Within one month of the date of this Order, McDonald's shall implement the injunctive

17  relief set forth in ¶¶19-25 of the Settlement Agreement.

18  **IV.   PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

19         **a.  Final Approval Hearing**

20       The Court hereby schedules a hearing to determine whether to grant final approval of the

21  Settlement (the "Final Approval Hearing") for July 13, 2017.

22         **b.  Deadline to Elect Not to Participate in the Settlement**

23           i.  <u>Form of Election</u>

24       A class member may opt out of the Settlement by timely mailing a valid opt-out statement

25  to the Claims Administrator.  The procedure for opting out shall be the procedure set forth in the

26  Court-approved Class Notice attached as Exhibit 2 to the Settlement Agreement.  The statement to

27  be provided by a class member who chooses to opt out of the Settlement shall be: "I, [NAME],

28  voluntarily choose not to participate in the settlement of the Certified Class Action against

1   McDonald's Corporation  and McDonald's USA, LLC, and hereby waive any rights I may have to

2   participate in the settlement with McDonald's Corporation, McDonald's USA, LLC, and

3   McDonald's Restaurants of California, Inc. in the federal court lawsuit entitled *Ochoa v.*

4   *McDonald's Corp.*, N. D. Cal. No. 3:14-cv-02098-JD."

5                            ii.   Deadline for Submitting Election

6          Absent a showing of good cause, as determined by the Claims Administrator after input

7   from Class Counsel and McDonald's, no opt-out statement shall be honored or valid if postmarked

8   more than sixty (60) calendar days after the postmark date of the initial mailing of the Class Notice.

9   Requests to opt out that do not include all required information shall be deemed null, void, and

10  ineffective.  If a class member files both an opt-out statement and a Claim Form, the opt-out

11  statement shall be deemed invalid and the class member's Claim Form and release of claims shall

12  be valid and controlling.

13          **c.   Deadline for Filing Objections to Settlement**

14          Any class member who does not timely opt out may object to the Settlement.  The Class

15  Notices shall provide that class members who wish to object to the Settlement must mail a written

16  statement of objection subject to the provisions set forth below:

17                            i.   Any such objection must be filed with the clerk of the Court and served on

18  counsel for the Parties identified in the Class Notice no later than sixty (60) calendar days after the

19  postmark date of the initial mailing of Class Notice.

20                            ii.   The postmark date of the mailing shall be the exclusive means for

21  determining whether an objection is timely.

22                            iii.   The objection must state the basis for the objection.

23                            iv.   Class members who fail to make objections in the manner specified shall be

24  deemed to have waived any objections and shall be foreclosed from making any objection (whether

25  by appeal or otherwise) to the Settlement, and the Settlement shall be fully binding upon them.

26          **d.   Deadline for Submitting Claim Forms**

27          Absent a showing of good cause, as determined by Class Counsel, no Claim Form shall be

28  honored if postmarked more than ninety (90) days after the date the Class Notice is first mailed to

class members.  The Claims Administrator shall handle any timely but deficient Claim Forms in the manner specified in the Settlement Agreement.

### e.   Deadline for Submitting Motion Seeking Final Approval

No later than thirty-five (35) days before the Final Approval Hearing, plaintiffs shall file a motion for final approval of the settlement.  Two weeks or more before the final approval hearing, the parties may file a reply brief responding to any filed objections.

### f.   Deadline for Motion for Class Representative Service Payments

No later than thirty-five (35) days before the final approval hearing, plaintiffs may file a motion for approval of their Class Representatives' service awards.  Two weeks or more before the final approval hearing, plaintiffs may file a reply brief responding to any filed opposition to the Motion.

### g.   Deadline for Motion for Class Counsel Attorneys' Fees and Costs

No later than twenty-eight (28) days before the close of the 60-day period for submitting requests for exclusion or objections, Class Counsel may file a motion for approval of their Class Counsel attorneys' fees and costs payment.  Such amount of time provides class members with sufficient time to file any objection they might have to the application.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).  Two weeks or more before the final approval hearing, Class Counsel may file a reply brief responding to any filed opposition to the Motion.

### h.   Schedule for Final Approval of Proposed Class Settlement

Consistent with the rulings set forth above, the Court orders the following schedule for providing notice to the members of the provisionally certified class and for the Court's consideration of whether the proposed partial class settlement should be granted final approval:

| Event | Time Limits According to Agreement |
|---|---|
| Claims Administrator to Prepare Class List | February 3, 2017<br><br>(within 10 calendar days after Preliminary Approval Order) |
| Claims Administrator to Mail Class Notice | February 13, 2017<br><br>(within 10 calendar days after preparation of Class List) |

| Class Counsel to File Motion for Attorneys' Fees and Costs | March 17, 2017<br><br>(At least 28 days before opt-out deadline) |
|---|---|
| Deadline for submitting requests not to participate and objections | April 14, 2017<br><br>(60 days after the Class Notice is mailed) |
| Deadline for Filing Claim Forms | May 15, 2017<br><br>(90 days after the Class Notice is mailed) |
| Class Counsel to file Motion for Named Plaintiffs' Service Awards and Motion for Final Approval | June 8, 2017<br><br>(35 days prior to Final Approval Hearing) |
| Final Approval Hearing | July 13, 2017<br><br>(No sooner than 120 days after the Preliminary Approval Order) |

## V.    RELEASE OF CLAIMS

If, at or after the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiffs and every class member listed on the Class List who does not file a timely and complete election to opt out of the Settlement according to the Settlement's terms shall, pursuant to the Settlement Agreement and as of its Effective Date, be adjudicated to have forever released and discharged claims as set forth in the Settlement Agreement.  Further any class members who submit a valid Claim Form shall be deemed to have opted in to the class action and shall thereby release their claims, whether or not such class member was listed on the Class List.

## VI.    APPOINTMENT OF CLAIMS ADMINISTRATOR

CPT Group, Inc. is hereby appointed Claims Administrator. All costs and expenses of printing and mailing the Class Notices and other costs of settlement administration shall be paid by McDonald's, pursuant to the provisions of the Settlement Agreement.

**IT IS SO ORDERED**

Dated:  January 27, 2017



JAMES DONATO
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL; CASE NO. 3:14-cv-02098-JD