MICHAEL RUBIN (SBN 80618)
BARBARA J. CHISHOLM (SBN 224656)
P. CASEY PITTS (SBN 262463)
MATTHEW J. MURRAY (SBN 271461)
KRISTIN M. GARCÍA (SBN 302291)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: mrubin@altber.com
bchisholm@altber.com
cpitts@altber.com
mmurray@altber.com
kgarcia@altber.com

JOSEPH M. SELLERS (*pro hac vice*)
MIRIAM NEMETH (*pro hac vice*)
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail: jsellers@cohenmilstein.com
mnemeth@cohenmilstein.com

*Attorneys for Plaintiffs and the Class*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| | |
|---|---|
| STEPHANIE OCHOA, *et al.*,<br><br>  Plaintiffs,<br><br>vs.<br><br>MCDONALD'S CORP., *et al.*,<br><br>  Defendants. | CASE NO. 3:14-cv-02098-JD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: July 13, 2017<br>Time: 10:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James Donato<br><br>Complaint Filed: March 12, 2014<br>Trial Date: Not set |

Plaintiffs' Motion for Attorneys' Fees and Costs came before the Court for hearing on July 13, 2017. Having considered the arguments and evidence, and for the reasons that follow, the Court GRANTS Plaintiffs' Motion for Attorneys' Fees and Costs and awards class counsel $2,000,000 in statutory attorneys' fees and costs, to be paid by McDonald's U.S.A., LLC, McDonald's Corp., and McDonald's Restaurants of California, Inc. ("McDonald's") pursuant to the terms of the Court-approved class action settlement between the McDonald's defendants and the named plaintiffs/class representatives.

Before reaching a settlement with McDonald's on the eve of trial, class counsel engaged in approximately 2.5 years of intense litigation, involving review of more than 100,000 pages of discovery, more than a dozen depositions, a motion to certify the class, motions for full and partial summary judgment, a motion to strike and several motions to seal, briefing regarding the propriety of interlocutory appeals, and months of settlement negotiations culminating in settlements first with the Edward J. Smith and Valerie S. Smith Family Limited Partnership ("Smith") and then with McDonald's. The two settlements provide significant injunctive relief to class members, as well as substantial monetary compensation.

The Court finds that the requested award, which is just over one-half of the actual lodestar value of the fees and costs incurred by class counsel in litigating this matter, is fair and reasonable under the applicable fee-shifting analysis. *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003). Plaintiffs seek fees pursuant to the statutory fee-shifting provisions of the California Labor Code, and plaintiffs' lodestar is thus the touchstone for determining whether plaintiffs' requested fees and costs are reasonable. The lodestar approach permits the Court to focus on the reasonable value of the actual work performed by class counsel. *See, e.g.*, *Burlington v. Dague*, 505 U.S. 557, 562 (1992). Given the nature of the class and the claims at issue here, applying the lodestar approach to evaluate the reasonableness of plaintiffs' request for attorneys' fees and costs is appropriate.

The Court has reviewed the supporting declarations of class counsel and finds that the hours and rates used to calculate class counsel's lodestar are reasonable. Using those hours and rates, class counsel's total lodestar through February 2017 was $3,723.049.54. In addition, class counsel

1
[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS;
CASE NO. 3:14-cv-02098-JD

reasonably incurred approximately $392,000 in costs and expenses, for a total of approximately $4.1 million in fees and costs. Class counsel have incurred additional fees and costs in connection with the settlement approval process, and will continue to incur fees and costs in monitoring implementation of the Smith and McDonald's settlements.

To date, class counsel have recovered only $150,000 in attorneys' fees and $35,000 in costs and expenses. *See* Dkt. 382. Accordingly, in seeking a combined award of $2,000,000 in attorneys' fees and costs, class counsel seek an award of less than half of their outstanding lodestar, as well as their outstanding costs. In the context of a request for fees arising under a fee-shifting statute, such a request is on its face fair and reasonable. *See, e.g., G.F. v. Contra Costa Cty.*, No. 13-cv-03667-MEJ, 2015 WL 7571789, at *16 (N.D. Cal. Nov. 25, 2015) (finding fees request arising from class action settlement reasonable where the amount requested "is significantly less than what these attorneys might otherwise be entitled to under the lodestar analysis"). The excellent results in this litigation might have justified an *upward* adjustment of the lodestar had class counsel chosen to litigate their entitlement to statutory fees and costs instead of accepting a significant *downward* adjustment for the sake of reaching a global settlement of all outstanding issues.

Nor is the fairness or reasonableness of the requested award of fees and costs called into question by comparing the requested amount to the recovery procured for class members and the State of California through the Smith and McDonald's settlements. The payments that McDonald's and Smith will make to class members and to the State of California as a result of the Court-approved settlement agreements exceed the total award of fees and costs requested by class counsel, and the two settlements also provide significant and meaningful injunctive relief to the class. Class counsel's request thus falls well within the range of awards made in comparable fee-shifting cases. *See, e.g., Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002) (affirming $508,000 award of attorneys' fees where compensatory and punitive damages totaled less than $100,000).

The Court finds that notice of the requested award of attorneys' fees and reimbursement of costs and expenses was directed to class members in a reasonable manner that complied with Rule

23(h)(1) of the Federal Rules of Civil Procedure. Class counsel filed their motion for attorneys' fees and costs on March 17, 2017 (Dkt. 385), class members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no class member or other party has objected to the requested fees or expenses. The absence of any objection further supports the reasonableness and fairness of the requested award.

For all of these reasons, Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED and class counsel is awarded fees and costs in a total amount of $2,000,000.

**IT IS SO ORDERED.**

Dated: 8/4/2017



Hon. James Donato